JOHN E. McCORMACK vs. COMMONWEALTH.

Suffolk.    February 4, 1963. — February 28, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Imprisonment.    Practice, Criminal, Sentence.*

Where, on complaints, followed by indictments, charging several offences based on the same occurrence, bail was required on one only of such charges in both the District Court and the Superior Court, and the defendant in the Superior Court was acquitted on that charge and was convicted and sentenced to a correctional institution on one of the other charges, he was entitled to the benefit of G. L. c. 279, § 33A, as amended through St. 1958, c. 173, respecting time before sentence spent in jail in default of such bail from the date it was fixed in the District Court.

On a writ of error based on a contention by the petitioner that a judge in sentencing him to a correctional institution for an indefinite term failed to make the order required by G. L. c. 279, § 33A, as amended through St. 1958, c. 173, respecting time before sentence spent by him in jail in default of bail, the judgment was affirmed since he did not show how, under the statutes regulating release of prisoners serving indefinite sentences, or under any procedure of the Parole Board, such an order would shorten his term.

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on September 13, 1962.

The case was reserved and reported by *Whittemore, J.*

*Julian Soshnick* for the petitioner.

*James W. Bailey,* Assistant Attorney General, for the Commonwealth.

WHITTEMORE, J.    This petition for writ of error was reserved and reported by a single justice.

On May 8, 1961, the petitioner was indicted on three indictments arising out of the same occurrence and was committed pending trial in default of the bail required under the indictment for possession of burglary tools.    No bail was fixed under the other indictments.    The petitioner pleaded guilty to the unauthorized use of a motor vehicle and was sentenced to the Massachusetts Correctional Insti-

tution at Concord for an indefinite term. The petitioner was found not guilty of the offence for which bail was fixed and the third indictment was filed without a finding. In prior proceedings in the District Court there had been three complaints and bail had been fixed only in the case for possession of burglary tools.

The petitioner contends that under G. L. c. 279, § 33A, as amended through St. 1958, c. 173, the sentencing judge should have ordered that the petitioner "be deemed to have served a portion of said sentence, such portion to be the number of days spent by the prisoner in confinement prior to such sentence awaiting and during trial." We agree that the petitioner was entitled to the benefit of this statute as to time spent in confinement from the time bail was fixed in the District Court under the related complaint. See *Stearns, petitioner,* 343 Mass. 53 (time spent in mental hospital by insane prisoner awaiting trial is to be credited). Compare *Needel, petitioner,* 344 Mass. 260 (time spent in confinement pursuant to sentence for an unrelated crime not to be credited). But the petitioner does not show how under the statutes regulating release of prisoners serving an indefinite sentence, or under any procedure of the Parole Board, an order under c. 279, § 33A, would have any effect to shorten his term. See G. L. c. 279, § 32; c. 127, §§ 128–151. Compare G. L. c. 279, § 24; Consolidated Laws of New York "Ann. Penal Law," § 2193. Furthermore, G. L. c. 127, § 129B, as amended through St. 1961, c. 74, provides for the same reduction in sentence "unless the court in imposing such sentence had already deducted therefrom the time during which such prisoner had been confined while awaiting trial." Therefore, if the parole procedure is such that the petitioner's status will be affected by his right to this credit, that section will give him the benefit of it.

It is unnecessary to consider the Commonwealth's contention that the writ of error is not the appropriate remedy.

*Judgment affirmed.*