COMMONWEALTH *vs.* ROBERT MICHAEL LAYNE.

Suffolk. Worcester. March 3, 1982. — May 17, 1982.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, & O'CONNOR, JJ.

*Practice, Criminal,* Sentence. *Rules of Criminal Procedure.*

A motion pursuant to Mass. R. Crim. P. 29 (a) for revision or revocation of criminal sentences was untimely and should not have been considered where an appeal by the defendant, the disposition of which was to start the running of the sixty-day period for bringing the motion, has lain dormant for nine years, and where at least five years of inactivity were attributable to the defendant. [294-296]

This court dismissed an appeal from the denial of a criminal defendant's motion to vacate illegal sentences pursuant to Mass. R. Crim. P. 30 (a) where the record failed to demonstrate that the judge had exercised his discretion to permit the defendant to raise new grounds in support of the motion, which could reasonably have been raised in a prior motion the defendant had brought under rule 30 (a), and where the defendant raised no claims whose constitutional significance had not been established at the time of the first rule 30 (a) motion. [296-298]

MOTIONS to vacate sentences and to revise and revoke sentences, filed in the Superior Court Department on May 29, 1981, and September 3, 1981, respectively.

The proceedings were heard by *Mitchell,* J.

The Supreme Judicial Court granted a request for direct appellate review.

A motion to reconsider a stay of an order revising sentences was heard by *Lynch,* J., in the Supreme Judicial Court for the county of Suffolk.

*Daniel F. Toomey,* Assistant District Attorney, for the Commonwealth.

*Lois M. Lewis* for the defendant.

HENNESSEY, C.J. In this case we address three separate but related appeals. First, the defendant appeals from the denial of his motion to vacate illegal sentences. Mass. R.

Crim. P. 30 (a), 378 Mass. 900 (1979). Second, the Commonwealth appeals an order of the trial judge revising, pursuant to Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979), certain sentences to be served by the defendant. Third, the defendant appeals from the denial by a single justice of this court of the defendant's motion to reconsider an earlier order of a single justice of this court which stayed the execution, pending appeal by the Commonwealth, of the trial judge's order revising the defendant's sentences. We address the merits of the Commonwealth's appeal only, and conclude that there was error. We do not reach the merits of the defendant's appeals for reasons that we state below.

A fairly comprehensive description of the posttrial proceedings in this case is necessary to a full understanding of the issues. On June 19, 1972, the defendant was found guilty by a jury on two indictments charging assault with intent to murder, two indictments charging assault and battery by means of a dangerous weapon, one indictment charging kidnapping, and one indictment charging him with carrying a firearm without authority. The trial judge imposed a total of five sentences of not less than nine nor more than ten years in the Massachusetts Correctional Institution at Walpole, four sentences to be served consecutively, and one to be served concurrently with the last.[1] The defendant timely filed a claim of appeal to the Appeals Court. He also appealed his sentences, and in 1973 the appellate division vacated two of the sentences, leaving intact a total of three consecutive nine- to ten-year sentences. In May, 1980, the defendant filed a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979), and a motion to revise and revoke his sentences pursuant to Mass. R. Crim. P. 30 (a). The trial judge denied the motion for a new trial, and allowed the motion to revise and revoke sentences, reducing the sentence on one of the indictments from nine to ten years to three to four years. The defendant appealed

---

[1] The indictment charging the defendant with carrying a firearm without authority was filed. Two indictments charging larceny of a motor vehicle had been nol prossed.

the denial of his rule 30 (b) motion, and the Commonwealth appealed from the allowance of the defendant's rule 30 (a) motion. These appeals are presently pending before the Appeals Court and are only tangentially relevant here.

On May 29, 1981, the defendant filed a motion to vacate illegal sentences under Mass. R. Crim. P. 30 (a) with respect to the two remaining nine- to ten-year sentences. After a hearing on August 12, 1981, the trial judge denied the motion, but suggested that a motion to revise and revoke under rule 29 (a) would be more favorably received. The defendant appealed the denial of his rule 30 (a) motion, and this appeal is now before this court. On September 1, 1981, the defendant filed a motion in the Appeals Court to withdraw his original appeal from his convictions and his appeal from the denial of his May, 1980, motion for a new trial. His purpose in seeking to withdraw his appeals was to comply with the procedural requirements of Mass. R. Crim. P. 29 (a), so that he could successfully move under that rule to revise and revoke his sentences.[2] A single justice of the Appeals Court, however, on September 3, 1981, declined to

---

[2] The several rules with which we are concerned are reproduced below in their entirety. Rule 29 (a) of the Massachusetts Rules of Criminal Procedure reads as follows: "(a) Revision or Revocation. The trial judge upon his own motion or the written motion of a defendant filed within sixty days after the imposition of a sentence, within sixty days after receipt by the trial court of a rescript issued upon affirmance of the judgment or dismissal of the appeal, or within sixty days after entry of any order or judgment of an appellate court denying review of, or having the effect of upholding, a judgment of conviction, may upon such terms and conditions as he shall order, revise or revoke such sentence if it appears that justice may not have been done."

Rule 30 (a), (b) reads as follows: "(a) Unlawful Restraint. Whoever is imprisoned or restrained of his liberty pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or to correct the sentence which he is then serving upon the ground that his confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts.

"(b) New Trial. The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done. Upon the motion the trial judge shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law."

rule on the motion until action was taken by the trial judge on the defendant's motion to revise and revoke sentences. That same day, the defendant filed a motion in the trial court pursuant to Mass. R. Crim. P. 29 (a) to revise and revoke the sentences. The motion was heard on September 11, 1981, whereupon the judge, over the Commonwealth's objection, reduced the two sentences remaining to be served, to the effect that the defendant was released from custody. The Commonwealth has appealed this order, and that appeal, together with the defendant's appeal from his May 29, 1981, motion to vacate illegal sentences, has been transferred to this court upon motion by the Commonwealth for direct appellate review. Also on September 11, 1981, the single justice of the Appeals Court reheard and denied the defendant's earlier motion to withdraw his appeals.

On or about September 16, 1981, the Commonwealth obtained an order from a single justice of this court staying the execution of the trial judge's order revising the sentences. On September 28, 1981, the defendant renewed his motion in the Appeals Court to withdraw his appeals. A single justice of that court, on October 7, 1981, allowed the motion as to the defendant's appeal from his convictions, and granted the defendant leave to withdraw his appeal from the July 2, 1980, denial of the motion for a new trial upon the filing of a statement by the defendant of his desire for such a withdrawal. The defendant then filed in this court a motion to reconsider the stay of the trial judge's order revising the defendant's sentences. A single justice of this court denied the motion on October 21, and the defendant appealed to the full bench. This last appeal was consolidated with the other appeals that were entered in this court.

1. We agree with the Commonwealth that it was error to allow the defendant's rule 29 (a) motion to revise and revoke the sentences. The defendant filed an appeal from his convictions on July 7, 1972. His motion to revise and revoke sentences under rule 29 (a) was filed in September of 1981, more than nine years later. We assume for the purposes of this case that the defendant technically complied with the

requirement that the motion be filed "after entry of any order or judgment of an appellate court . . . having the effect of upholding, a judgment of conviction."[3] Since this language has not previously been construed by this court, the judge had no guidelines other than the words of the rule for determining whether he had jurisdiction to entertain the motion. However, we do not construe rule 29 (a) as permitting such a motion to be filed long after any reasonable time for the prosecution of an appeal has passed. Although the rule does not by its terms place a "reasonableness" limitation on the time within which such a motion must be filed, we think the policy underlying the rule is consistent with our construction. The rule establishes strict jurisdictional time limits for the filing of such motions. See Reporters' Notes to Mass. R. Crim. P. 29 (a), Mass. Ann. Laws, Rules of Criminal Procedure at 474 (1979). *Commonwealth* v. *Burrone,* 347 Mass. 451 (1964). See also Mass. R. Crim. P. 46 (b), 378 Mass. 922 (1979). Its purpose is to permit a judge to reconsider the sentence he has imposed and determine, in light of the facts as they existed *at the time of sentencing,* whether the sentence was just. *Commonwealth* v. *Sitko,* 372 Mass. 305, 313-314 (1977). See also *District Attorney for the N. Dist.* v. *Superior Court,* 342 Mass. 119, 127-128 (1961). Cf. *Aldoupolis* v. *Commonwealth, ante* 260, 268-271 (1982). With the passage of time from the date of sentencing, it becomes increasingly difficult for a trial judge to make the determination called for by the rule

---

[3] The fact that the defendant's appeal from his convictions was not successfully withdrawn until after his sentences were revised suggests that in fact he did not comply with the language of rule 29 (a).

We note in passing that the Federal practice under Fed. R. Crim. P. 35, from which Mass. R. Crim. P. 29 (a) is in part drawn, is that the power of a District Court judge to entertain a rule 35 motion is suspended during the pendency of the appeal from the conviction, and is revived for 120 days after the appeal is disposed of. E.g., *United States* v. *Johns,* 638 F.2d 222, 224 (10th Cir. 1981); *United States* v. *Mack,* 466 F.2d 333, 339-340 (D.C. Cir.), cert. denied sub nom. *Johnson* v. *United States,* 409 U.S. 952 (1972); *United States* v. *Burns,* 446 F.2d 896, 897 (9th Cir. 1971). See *Berman* v. *United States,* 302 U.S. 211, 214 (1937). Cf. *United States* v. *Feliciano-Grafals,* 309 F. Supp. 1292 (D.P.R. 1970).

without improperly considering postsentencing events. We therefore think it wise to construe rule 29 (a) to preclude consideration of a motion to revise and revoke that has been filed within sixty days after the disposition of an appeal that has lain dormant, as in this case, for the unreasonable period of more than nine years.

We do not purport to set a fixed period of time beyond which the pendency of an appeal becomes unreasonable. We merely hold in this case that the period of time involved here was excessive. To decide otherwise would enable criminal defendants to file frivolous appeals and delay pursuing them in order to extend indefinitely the opportunity to file motions under rule 29 (a). It may be true that at least some of the delay in this case was caused by factors beyond the defendant's control, see *Layne* v. *Gunter*, 559 F.2d 850, 851 (1st Cir. 1977), cert. denied, 434 U.S. 1038 (1978), and this is relevant in determining the reasonableness of the delay. However, at least five years of inactivity on the appeal from the conviction are attributable to the defendant. When that is considered in conjunction with the preceding delay of four years (whatever the reason for the latter), we conclude the total is such that a rule 29 (a) motion should not have been considered. The fact that the defendant was pursuing other avenues for relief is immaterial.

In light of our holding above, we need not address the Commonwealth's other arguments relating to its appeal, the most substantial of which is that the trial judge improperly relied on the defendant's apparently successful rehabilitation while in prison as a ground for granting the motion to revise and revoke. We observe, however, that the facts which gave rise to that issue would not have existed but for the lengthy delay in the defendant's appeal from his conviction. This reinforces our conclusion that rule 29 (a) does not permit revision or revocation of sentences when the appeal has been unreasonably delayed.

2. The defendant's appeal from the denial of his motion to vacate illegal sentences pursuant to Mass. R. Crim. P. 30 (a) must be dismissed. Approximately one year prior to the

filing of this motion, the defendant filed a motion to revise and revoke sentences also under rule 30 (a).[4] Rule 30 (c) (2) provides that any grounds not raised in the original motion under rule 30 (a) are waived "unless the judge in his discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion." The grounds now raised by the defendant concern whether the sentences originally imposed were indeterminate sentences as required by G. L. c. 279, § 24, and whether the defendant has a constitutionally protected right to have his sentences reviewed by a parole board. Manifestly, these grounds could reasonably have been raised in the original motion. The defendant does not place meaningful reliance on any cases that have been decided since the first rule 30 (a) motion. Cf. *DeJoinville* v. *Commonwealth,* 381 Mass. 246, 248 (1980); *Lannon* v. *Commonwealth,* 379 Mass. 786, 787-788 (1980).

The record also fails to demonstrate that the trial judge exercised his discretion to permit the defendant to raise the new grounds. Although at the motion hearing the judge listened and responded to the defendant's argument on the merits, this is not sufficient to meet that requirement of rule 30 (c) (2). We think it necessary that the judge indicate in some affirmative manner that he is permitting the argument to be raised. The existence of such an indication will, of course, be pertinent only in an appeal from a denial of the motion, since it is obvious that when the motion is allowed, the judge permits the defendant to raise the argument. Our holding here means that if the defendant's claims could reasonably have been raised in the original motion, the judge may in his discretion refuse to permit the defendant to assert them, and thereby effectively deny the defendant appellate review of the merits of those claims. To the extent that this serves a screening function, it will aid in curtailing the type of successive and vexatious postconviction proceedings that

---

[4] The motion to revise and revoke sentences was filed under rule 30 (a) presumably because the time restrictions of rule 29 (a) could not be complied with.

the rule was intended to guard against. See *Murch* v. *Mottram,* 409 U.S. 41, 45 (1972). Cf. *Commonwealth* v. *Pisa,* 384 Mass. 362 (1981).

3. In view of our conclusion that it was error to allow the defendant's motion to revise and revoke his sentences, it follows that the defendant's appeal from the order of the single justice denying reconsideration of the stay is without merit. We see no reason to discuss further arguments raised in the defendant's brief.

The order of the Superior Court entered September 15, 1981, revising and revoking sentences, is vacated. The appeal from the order entered on August 12, 1981, denying the defendant's motion under Mass. R. Crim. P. 30 (a) to vacate illegal sentences is dismissed. The order of the single justice denying reconsideration of the order staying the execution of judgment is affirmed.

*So ordered.*