## COMMONWEALTH vs. STEVEN M. FOLEY.

Essex.    October 13, 1983. — December 15, 1983.

Present: HALE, C.J., DREBEN, & SMITH, JJ.

*Assault by Means of Dangerous Weapon. Practice, Criminal,* Mistrial, Comment by prosecutor, Sentence. *Imprisonment.*

At a criminal trial, evidence that the defendant threw the victim down on a box, struggled with her, and told her that he had a knife in his back pocket and that he would kill her if she screamed warranted a finding that the defendant was guilty of assault by means of a dangerous weapon. [239]

Certain remarks made by the prosecutor at a criminal trial, which the defendant claimed unfairly created an inference that the defendant had broken into a market and stolen some beer, did not require a mistrial. [240]

A defendant, on being sentenced following his conviction of rape and assault by means of a dangerous weapon, was entitled to receive credit for time spent in confinement awaiting trial on unrelated charges resulting in acquittal or not prosecuted. [240-244]

Where a judge in sentencing a defendant specifically stated that he had considered the sixteen months the defendant had been in custody on unrelated charges prior to trial, and that he would have imposed a longer sentence if the defendant had not served this time, the defendant was not entitled to a further reduction of his sentence for the time spent in custody. [244-245]

Where a judge ordered a defendant convicted of rape and assault by means of a dangerous weapon to be committed for six months to Bridgewater State Hospital and ordered the defendant's eighteen-year sentence to begin on the expiration of that commitment, and where the period of commitment added to the length of the sentence did not exceed the maximum sentence which the judge could have legally imposed, the defendant was not entitled to receive credit for the six months spent at Bridgewater State Hospital. [245]

Where it was clear from the record in a criminal case that in sentencing the defendant the judge had made an error respecting parole eligibility, this court ordered an adjustment of the sentence in accordance with the judge's apparent intention. [245-246]

INDICTMENTS found and returned in the Superior Court Department on September 17, 1979.

The cases were tried before *Adams, J.*

*Ellen A. Howard* for the defendant.

*Neila J. Straub,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. The defendant was convicted on indictments charging rape of a child by force (G. L. c. 265, § 22A) and assault by means of a dangerous weapon (G. L. c. 265, § 15B). In addition to claiming errors in his trial, the defendant asserts that the sentence imposed did not reflect the intention of the sentencing judge, and that he was unfairly deprived of credit for time spent by him in custody prior to trial and for time spent in Bridgewater State Hospital after conviction. We affirm the convictions but, in the unusual circumstances of this case, order that the sentence be revised to conform to the intentions of the judge as to eligibility for parole.

1. *Alleged errors at trial.* (*a*) The defendant argues that he was entitled to a required finding of not guilty on the charge of assault by means of a dangerous weapon — to wit, a knife. The victim testified that the defendant threw her down on a box, struggled with her, and told her "that he had a knife in his back pocket and that if I screamed one more time, he was going to kill me." She was "really scared."

Contrary to the defendant's contention, the offense may be established even in the absence of evidence that he actually displayed or brandished a weapon.[1] *Commonwealth* v. *Delgado,* 367 Mass. 432, 436, 439 (1975). Here, the defendant's warning "informing the victim of the presence and possession" of the knife took "the place of a threatening movement or gesture." *Id.* at 437, 436. The judge properly denied the defendant's motion for a required finding of not guilty.

---

[1] The defendant here had the opportunity to dispose of the knife. Compare *Commonwealth* v. *Howard,* 386 Mass. 607, 608-611 (1982), with *Commonwealth* v. *Tarrant (No. 2),* 14 Mass. App. Ct. 1022, 1023 (1982).

(*b*)  In closing argument the prosecutor referred to the victim's testimony that the defendant found some beer behind a meat market and added: "Mr. McGuire (defense counsel) says he doesn't know where [the defendant] got the beer from.  Here we have a market which is closed.  There are many possibilities where the beer could have come from."  Claiming that these statements unfairly raised the inference that he had broken into the market, the defendant sought a mistrial.

The judge was correct in considering the claim to be baseless.  Taken in context, the prosecutor's statement did not suggest that a break had occurred.  Indeed, the victim had testified that the beer had probably been hidden behind the market.  Moreover, after the defendant had objected and had asked for a mistrial, the judge asked defense counsel whether he wished the court to make a statement concerning the market.  Counsel said no.  Having refused an instruction, which could have explained that the meat market did not sell alcohol (as the prosecutor was willing to concede), the defendant is not entitled to complain.

2.  *Claims with respect to sentencing.*  Noting that the defendant was only seventeen at the time of the crimes, had had no prior convictions, had allegedly committed three rapes within a single month, and that further evaluation of the defendant had been recommended by a physician, the judge, on February 4, 1982, ordered the defendant sent to Bridgewater State Hospital for thirty days under G. L. c. 123, § 15(*e*).  After receiving reports from the institution, including a petition for an additional period of commitment, the judge, on March 5, ordered the defendant committed for six months to Bridgewater State Hospital. Defense counsel requested that sentencing be deferred until after the information from the six-month commitment should become available, but the judge indicated that would pose problems, as he would no longer be on the bench at that time.  Accordingly, on March 5, he also sentenced the defendant to eighteen years at M.C.I., Concord, on the rape charge and to a concurrent five-year sentence on

the assault with a dangerous weapon charge. The warrant of commitment (mittimus) ordered "execution of sentence stayed until the expiration of the six month commitment to Bridgewater State Hospital" and also ordered that "after a hearing by order of the court," the prisoner is "deemed to have served zero days as a portion of said sentence under the provisions of G. L. c. 279, § 33[A]."

(a) *Credit for time spent in custody prior to trial.* At the sentencing hearings of February 4 and March 5, the judge was informed of the uncontroverted circumstances relating to the defendant's incarceration for a period of sixteen months prior to trial. A series of five indictments had issued against the defendant on account of three separate incidents of rape during the month of August, 1979. Two arose out of an August 7, 1979, occurrence and charged the defendant with rape and assault with a dangerous weapon; two are involved in the present appeal and arose out of events occurring on August 23, 1979; the remaining indictment charged the defendant with rape on August 26, 1979.

Bail of $10,000 was set on the indictment charging the August 7 rape and separate bail of $10,000 was set on the indictment charging the August 26 rape. That those indictments and not the ones involved here were the ones on which bail was set appears to have been purely fortuitous. Because the police officer familiar with this case was unavailable on the day the witnesses for the other charges appeared before the grand jury, the indictments involved in this appeal issued at a later time, and the defendant was arraigned upon them on September 26, 1979, sixteen days after his arraignment on the other charges. At the September 26 arraignment no additional bail was set; the defendant was already incarcerated and unable to post the bail previously set. Prior to the trial on the instant charges, the defendant was found not guilty of the August 26 rape, and, sometime after that acquittal, the defendant was able to post bail on the August 7 rape charge, which was subsequently dropped.[2]

---

[2] In its brief, the Commonwealth states that the indictments arising from the August 7th incident "were subsequently nolle prossed on November 8, 1982," after the sentencing hearings in this case.

Relying on *Manning* v. *Superintendent, Massachusetts Correctional Inst., Norfolk,* 372 Mass. 387, 392 (1977), the defendant argued, at the sentencing hearings, that he should receive credit for the sixteen months spent by him in custody prior to trial. The judge agreed that credit should be given. He specifically rejected the principle, now espoused by the Commonwealth on appeal, that the defendant is not entitled to credit for time attributable to his inability to make bail on the unrelated rape charges. The judge nevertheless denied the defendant's motion for credit, "because that would reduce the sentence I am imposing. I will state on the record that I have considered [the sixteen months] in making the sentence; and I would have increased the sentence by that amount . . . . I would have imposed a greater sentence . . . had he not spent sixteen months in jail. So technically on the record, your motion is denied."

On appeal, the defendant argues, once again relying on *Manning,* that automatic credit is required "even if the judge took into consideration the time already served." 372 Mass. at 394-395. In rejecting the defendant's reading of *Manning,* we shall first dispose of the Commonwealth's contention that the defendant is not entitled to any credit on the ground that the charges on which he was sentenced were unrelated to the charges which kept him in jail pending trial.

The statute relating to credit for jail time, G. L. c. 279, § 33A (addressed to the sentencing judge),[3] see also G. L. c. 127, § 129B (addressed to the Commissioner of Correction),[4] was enacted pursuant to a recommendation of

---

[3] General Laws c. 279, § 33A, inserted by St. 1955, c. 770, § 101, and as appearing in St. 1961, c. 75, provides: "The court on imposing a sentence of commitment to a correctional institution of the commonwealth, a house of correction, or a jail, shall order that the prisoner be deemed to have served a portion of said sentence, such portion to be the number of days spent by the prisoner in confinement prior to such sentence awaiting and during trial."

[4] General Laws c. 127, § 129B, inserted by St. 1960, c. 350, and as appearing in St. 1961, c. 74, provides: "The sentence of any prisoner in any

the Report and Recommendations of the Governor's Committee to Study the Massachusetts Correctional System, 1955 Senate Doc. No. 750. "[T]he basic purpose of the statute was to provide for relief to those defendants who have served any jail time prior to their sentences." *Commonwealth* v. *Grant*, 366 Mass. 272, 274 (1974). Under the statute, a prisoner shall be deemed to have served as a portion of his sentence "the number of days spent . . . in confinement prior to such sentence" awaiting trial.

The statute is not to be examined in an overly technical manner but is rather to be read "against the backdrop of fair treatment of the prisoner." *Commonwealth* v. *Grant*, 366 Mass. at 275. *Commonwealth* v. *Carter*, 10 Mass. App. Ct. 618, 620 (1980). Indeed, even where the statutes do not apply they serve as "a strong indication by the Legislature that a prisoner is entitled to credit for the time he has spent in prison." *Manning*, 372 Mass. at 392. In all cases "fairness is the appropriate measure in determining whether and to what extent" credit for time spent in custody should be given. *Chalifoux* v. *Commissioner of Correction*, 375 Mass. 424, 427 (1978). See also *Lewis* v. *Commonwealth*, 329 Mass. 445, 448 (1952); *Brown* v. *Commissioner of Correction*, 336 Mass. 718, 721 (1958); *Commonwealth* v. *Aquafresca*, 11 Mass. App. Ct. 975, 976-977 (1981).

Here, as was recognized by the sentencing judge, it was mere happenstance that bail was not set on the present indictments. Moreover, since the defendant was acquitted of one of the rape indictments and the other was dropped by the prosecutor, if the defendant were not to receive credit, the sixteen months served in jail would be "dead time." *Manning*, 372 Mass. at 396.[5] Fairness requires that a

---

correctional institution of the commonwealth or in any house of correction or jail, who was held in custody awaiting trial shall be reduced by the number of days spent by him in confinement prior to such sentence and while awaiting trial, unless the court in imposing such sentence had already deducted therefrom the time during which such prisoner had been confined while awaiting trial."

[5] At the time of sentencing this fact was, of course, unknown to the judge. But see note 6, *infra*.

prisoner not be penalized or burdened by a denial of credit because he has been acquitted or because the prosecutor has seen fit not to go forward on the charges on which bail has been set. Cf. *Manning,* 372 Mass. at 396-397. The cases have not established the technical rule suggested by the Commonwealth. Where fairness demands, credit is given even where different offenses are involved. *Manning,* 372 Mass. at 396-397. See *McCormack* v. *Commonwealth,* 345 Mass. 514, 515 (1963), and *Commonwealth* v. *Grant,* 366 Mass. at 275 (both, however, involving related offenses). See also ABA Standards Relating to Sentencing Alternatives and Procedures § 3.6(d) (1968).[6] Indeed, the only cases since the passage of G. L. c. 279, § 33A, by St. 1955, c. 770, which deny credit for unrelated offenses are cases where double credit has been sought. See *Commonwealth* v. *Carter,* 10 Mass. App. Ct. at 621; but see *id.* at 620 n.4; *Libby* v. *Commissioner of Correction,* 353 Mass. 472, 476 (1968).

We turn next to the defendant's contention based on a sentence in *Manning,* 372 Mass. at 395, that "even if the judge took into consideration the time already served," credit is still required. We think the defendant misreads *Manning.*[7] That case (at 395) indicates that where, as here,

---

[6] Section 3.6(d) provides: "If the defendant is arrested on one charge and later prosecuted on another charge growing out of conduct which occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution should be given for all time spent in custody under the former charge which has not been credited against another sentence."

[7] The question in *Manning* was the time of commencement of a sentence which had been imposed subsequent to, and which was to take effect after, an intervening sentence which had been reversed. The court, in refusing to presume that credit had been given on resentencing for the time served on the conviction which had been reversed, pointed out that such a presumption would not allow a defendant "to insist on credit as a matter of right . . . and would not provide credit where a prisoner is acquitted upon retrial of a case instead of pleading guilty." *Id.* at 395. In no way did the court indicate that if the judge on resentencing clearly showed the amount of credit given, such credit would be given a second time. To the contrary, implicit in *Manning* is a rule that double credit is not to be given, and the court specifically urged that on resentencing "the judge should take care to have the record disclose what consideration has been given to the time already served." *Ibid.*

the judge discloses on the record that, in imposing sentence, full credit has been given for the time the defendant was incarcerated prior to trial, the defendant is entitled to no further reduction.

(b) *Credit for time spent in Bridgewater State Hospital.* As indicated earlier, the judge ordered the defendant committed for six months to Bridgewater State Hospital and ordered the eighteen-year sentence to begin on the expiration of that commitment. He also indicated his intent that, if the defendant needed additional time at Bridgewater after the six-month period, such additional time would be counted against the Concord sentence. Since the period of commitment, when added to the length of sentence, did not exceed the maximum sentence which the judge could legally have imposed, we see no merit in the defendant's claim, based on *Stearns, petitioner,* 343 Mass. 53, 56 (1961), that he should receive credit for the time spent after conviction in Bridgewater State Hospital.

(c) *Intention of judge in imposing sentence.* After the judge committed the defendant to Bridgewater State Hospital and imposed the eighteen-year sentence to M.C.I., Concord, the judge expressly stated, "It is my intent . . . to have the parole provisions . . . apply with respect to an eighteen year sentence." The judge was in error as to those provisions (perhaps misled by defense counsel), because it is evident from his comments, made on several occasions during the hearing, that he thought that an eighteen-year sentence would have an eighteen-month parole eligibility period. Both the Commonwealth and the defendant agree that under the parole board's guidelines the minimum parole eligibility date for a M.C.I., Concord, sentence of eighteen years is two years.

In view of this error by the judge and his express statement of intent as to parole, "it appears that justice may not have been done." Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979). See *Robinson* v. *United States,* 313 F.2d 817, 820-822 (7th Cir. 1963). We think that the sentence should be revised to conform to the judge's intent. Normally, our

opinion would suggest that the defendant, after rescript, file a motion pursuant to rule 29(a) before the same judge to reconsider his sentence. In these special circumstances, however, where the judge is no longer on the bench, and where his intention can be as readily discerned by us from the transcript as by another judge of the Superior Court, we think it more appropriate to remand the matter for a revision of sentence to the longest sentence which would make the defendant eligible for parole within eighteen months from the commencement of his sentences.[8] The convictions remain undisturbed, but the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[8] We note that there are at least two ways to effect this result: 1) by leaving the Concord sentence in place but crediting the defendant with the six months spent in Bridgewater State Hospital, or 2) by reducing the Concord sentence to a period of slightly less than eighteen years.