ALBERT E. LANIER *vs.* MASSACHUSETTS PAROLE BOARD & others[1]. March 5, 1986. *Injunction. Parole.*

The plaintiff, Albert E. Lanier, a prisoner confined in the Massachusetts Correctional Institution at Norfolk, brought an action seeking (1) a declaration that the defendants violated his rights under art. 12 of the Declaration of Rights of the Massachusetts Constitution and the Fourteenth Amendment to the United States Constitution in their actions rescinding an established parole reserve date;[2] and (2) a preliminary and permanent injunction requiring, inter alia, that the parole board reinstate Lanier's rescinded parole reserve date, effectively granting him parole. A judge of the Superior Court entered an order granting a preliminary injunction reinstating Lanier's parole reserve date. The defendants sought interlocutory relief from a single justice of the Appeals Court under G. L. c. 231, § 118 (1984 ed.). The single justice ordered the injunction dissolved, and Lanier appealed. We transferred the appeal to this court on our own motion.

A preliminary injunction is appropriate when an evaluation of the plaintiff's claims that he will suffer irreparable harm and that he is likely to succeed on the merits shows that the balance tips in his favor when weighed against the defendant's corresponding claims. *Brookline* v. *Goldstein,* 388 Mass. 443, 447 (1983). *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 617 (1980).

The plaintiff has not met his burden of showing the likelihood of his success on the merits. Our statutes and case law indicate that the granting of parole is within the discretion of the parole board. See, e.g., G. L. c. 127, §§ 130, 133 (1984 ed.); *Commonwealth* v. *Hogan,* 17 Mass. App. Ct. 186, 191-192 (1983); *Woods* v. *State Bd. of Parole,* 351 Mass. 556, 559 (1967). A similar Federal constitutional claim was rejected by the

---

[1] Chairman of the parole board and the plaintiff's parole officer.

[2] A "parole reserve date" is a date conditionally established by the parole board for a prisoner's release on parole. The extent to which this date is binding constitutes part of the plaintiff's claim. We do not address that argument today because we do not believe it an appropriate issue to resolve prior to the development of an adequate trial record.

United States Supreme Court in *Jago* v. *Van Curen,* 454 U.S. 14 (1981). Thus, there is no probability of success shown under Federal law.

Similarly, Lanier cannot show that his success on the merits under art. 12 of the Massachusetts Declaration of Rights is likely — until the courts of the Commonwealth determine that he is entitled to greater protection under that article and the relevant State statutory scheme than under the Federal Constitution. At this time, that question has not been so decided. In light of the interlocutory posture of this case, the existence of disputed issues of fact, and the novelty of Lanier's art. 12 claim, it is not appropriate that we reach the question today.

The order for preliminary injunction entered in the Superior Court on July 9, 1985, is vacated.

*So ordered.*

*Kenneth J. King* for the plaintiff.

*Michael W. Dingle,* Assistant Attorney General, for the defendants.