COMMONWEALTH *vs.* VIOLET AMIRAULT & another.[1]

Middlesex. December 10, 1992. — May 4, 1993.

Present: LIACOS, C.J., ABRAMS, LYNCH, O'CONNOR, & GREANEY, JJ

*Practice, Criminal*, Appeal by Commonwealth, Sentence. *Parole. Constitutional Law*, Separation of powers.

The Commonwealth has the right under G. L. c. 278, § 28E, to appeal a judge's order allowing a criminal defendant's motion pursuant to Mass. R. Crim. P. 29 for revision or revocation of sentence. [113-115] LIACOS, C.J., dissenting.

In allowing defendants' motions under Mass. R. Crim. P. 29 for revision or revocation of sentences, it was improper for the judge to take into consideration the fact that the parole board, by its denial of the defendants' requests for parole, had not acted in accordance with the judge's expectations at the time of sentencing. [115-117]

INDICTMENTS found and returned in the Superior Court Department on January 21, 1985.

Motions for revision or revocation of sentences were heard by *John Paul Sullivan, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*Patricia M. Darrigo*, Assistant District Attorney, for the Commonwealth. `

*Juliane Balliro* (*Joseph J. Balliro* with her) for the defendants.

ABRAMS, J. The Commonwealth appeals from a judge's allowance of the defendants' motions to revise or revoke their sentences. On July 15, 1987, the judge sentenced each defendant to concurrent terms on multiple convictions of inde-

---

[1]Cheryl Amirault LeFave.

cent assault and battery on a child and rape of a child.[2] On August 12, 1987, the defendants each filed a motion to revise or revoke the sentence pursuant to Mass. R. Crim. P. 29, 378 Mass. 899 (1979).

On June 24, 1992, the defendants requested that their rule 29 motions be heard. On October 1, 1992, the trial judge held a hearing and allowed the defendants' motions. The judge revised their sentences to 64 months with the remainder suspended for seven years under the supervision of the probation department. The Appeals Court stayed the orders pending appeal. We allowed the Commonwealth's application for direct appellate review. We vacate the judge's orders, and order the original sentences be reinstated.

*The Commonwealth's right to appeal.* The defendants argue that the Commonwealth has no right to appeal the allowance of a motion brought pursuant to rule 29. Rule 29 (a) states: "The trial judge upon his own motion or the written motion of a defendant filed within sixty days after the imposition of a sentence, within sixty days after receipt by the trial court of a rescript issued upon affirmance of the judgment or dismissal of the appeal, or within sixty days after entry of any order or judgment of an appellate court denying review of, or having the effect of upholding, a judgment of conviction, may upon such terms and conditions as he shall order, revise or revoke such sentence if it appears that justice may not have been done." The defendants suggest that the omission of a specific right to appeal from the language of G. L. c. 278, § 28E (1990 ed.), indicates a legislative intention to preclude the Commonwealth from appealing a judge's order on a motion to revise or revoke. In addition, the defendants claim that the Commonwealth may not appeal under G. L. c. 278, § 28E (1990 ed.), which

---

[2]Violet Amirault was sentenced to two concurrent terms of eight to twenty years on the rape convictions and three concurrent eight to ten year terms on the indecent assault and battery convictions.

Cheryl LeFave was sentenced to three concurrent terms of eight to twenty years on the rape convictions and four concurrent eight to ten year terms on the indecent assault and battery convictions.

states: "An appeal may be taken by and on behalf of the commonwealth by the attorney general or a district attorney from the superior court to the supreme judicial court in all criminal cases from a decision, order or judgment of the court (1) allowing a motion to dismiss an indictment or complaint, or (2) allowing a motion for appropriate relief under the Massachusetts Rules of Criminal Procedure." The defendants argue that motions under rule 29 are not motions for appropriate relief. We reject that argument.

In *Commonwealth* v. *Therrien*, 383 Mass. 529 (1981), the Commonwealth sought to challenge a judge's order granting a defendant's motion for a finding of not guilty, pursuant to Mass. R. Crim. P. 25 (b) (1). The Commonwealth both appealed the judge's order and brought a complaint for relief under G. L. c. 211, § 3. We dismissed the complaint under G. L. c. 211, § 3, because we held that G. L. c. 278, § 28E, gave the Commonwealth the right to appeal from the allowance of Mass. R. Crim. P. 25 (b) motion. *Id.* at 534. We noted that the reference in G. L. c. 278, § 28E, "to a motion for appropriate relief must be read more broadly than to refer only to pretrial motions." *Id.* at 535. We determined that, in common parlance, motions under rule 30, requesting postconviction relief, were motions for appropriate relief under G. L. c. 278, § 28E, and that, therefore, a motion for a required finding of not guilty under rule 25 also would be such a motion.[3] Cf. *Commonwealth* v. *Yelle*, 390 Mass. 678, 684-685 (1984) (Commonwealth has no right to an interlocutory appeal from the allowance of a motion to admit evidence).

Then, in *Commonwealth* v. *Layne*, 386 Mass. 291 (1982), we allowed the Commonwealth to appeal a judge's revision

---

[3]In *Commonwealth* v. *Therrien, supra* at 531, we noted that the double jeopardy clause of the Fifth Amendment to the Constitution of the United States would not prevent the Commonwealth's appeal in that case. " '[W]hen a judge rules in favor of the defendant after a verdict of guilty has been entered by the trier of fact, the Government may appeal from that ruling without running afoul of the Double Jeopardy Clause.' *United States* v. *Wilson*, 420 U.S. 332, 352-353 (1975)."

or revocation of sentence, although we did not discuss the statutory authority for such an appeal. We now hold that the allowance of a defendant's rule 29 motion to revise or revoke his or her sentence is a "motion for appropriate relief under the Massachusetts Rules of Criminal Procedure." Consequently, G. L. c. 278, § 28E, allowing the Commonwealth to appeal "a decision, order or judgment of the court . . . (2) allowing a motion for appropriate relief under the Massachusetts Rules of Criminal Procedure" is applicable.[4] Therefore, the Commonwealth has the right to appeal the judge's allowance of the rule 29 motions.[5]

*The merits.* On May 6, 1992, LeFave had her first hearing before a parole board panel. Her request for parole was denied unanimously. Her appeal to the panel was denied on June 16, 1992, and LeFave failed to pursue any further administrative remedies. On June 4, 1992, Amirault had her first hearing before a parole board panel and her request for parole was denied unanimously also. She did not appeal to the panel or pursue any other administrative remedies. On June 24, 1992, the defendants asked the trial judge to rule on the rule 29 motions they had filed on August 12, 1987, the time of their convictions.[6] The judge scheduled a hearing

---

[4] Were the dissent to prevail, then in cases such as this, where a judge abuses his or her judicial authority and violates art. 30 of the Massachusetts Declaration of Rights by overruling the parole board, the abusive action would go uncorrected. Clearly, the Legislature did not intend any such result. On appeal, the public has a right to expect the Supreme Judicial Court to correct any abuse of judicial power, if not under the statute, G. L. c. 278, § 28E, then at least under its superintendence powers. See G. L. c. 211, § 3.

[5] Because we conclude that G. L. c. 278, § 28E, permits an appeal in these circumstances, we do not discuss the relief available pursuant to G. L. c. 211, § 3.

[6] Each motion to revise or revoke stated that "said sentence is unduly harsh in the circumstances of this case and that as a result, justice may not have been done." The Commonwealth argues that the motions were defective on their faces because no affidavits supported the assertions and therefore the notice provisions were not met. Because we decide the case on different grounds, and in the Commonwealth's favor, we do not address the Commonwealth's argument that the motions were inadequate as filed.

at which he noted: "It would be the usual intention of a sentencing Judge to intend the Defendants to serve two-thirds of the sentence imposed, which would be 64 months, unless there was something about their service of their sentence which made them subject to a violation and led the [p]arole [b]oard to denying it, but policy considerations would not be a factor." The judge ruled that he had intended at the time of sentencing to sentence the defendants to 64 months. Consequently, he allowed their motions and revised the sentences to 64 months served with the remainder of seven years suspended under the auspices of the probation department.

The Commonwealth asserts that the judge improperly considered events taking place after sentencing when he considered and then allowed the rule 29 motions.[7] This, the Commonwealth suggests, was a usurpation of the role of the parole board which violates art. 30 of the Massachusetts Declaration of Rights, the doctrine of separation of powers.[8] We agree.

The granting of parole is a discretionary act of the parole board. *Lanier* v. *Massachusetts Parole Bd.*, 396 Mass. 1018, 1018 (1986). *Woods* v. *State Bd. of Parole*, 351 Mass. 556, 559 (1967). It is a function of the executive branch of government. *Stewart* v. *Commonwealth*, 413 Mass. 664, 669 (1992). *Baxter* v. *Commonwealth*, 359 Mass. 175, 179 (1971). By allowing a motion to revise or revoke sentences when the parole board does not act in accordance with a judge's expectations, the judge is interfering with the execu-

---

[7]The Commonwealth does not argue that rule 29 (a) requires a motion to revise or revoke a sentence must be filed and decided within sixty days after certain judicial determinations adverse to the defendant. See *supra* at 113. We therefore do not discuss that issue.

[8]Article 30 reads: "In the government of this commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men."

tive function. The judge cannot nullify the discretionary actions of the parole board.[9]

The purpose of review under rule 29 (a) is to "permit a judge to reconsider the sentence he has imposed and determine, in light of the facts as they existed *at the time of sentencing*, whether the sentence was just [emphasis in original]. *Commonwealth* v. *Sitko*, 372 Mass. 305, 313-314 (1977)." *Commonwealth* v. *Layne, supra* at 295. See also *Commonwealth* v. *Foley*, 17 Mass. App. Ct. 238, 245 (1983). At the time of sentencing, the judge imposed sentences that he noted were within the guidelines. In considering requests for revision of those sentences under rule 29 the judge may not consider the denial of parole.[10] See *Commonwealth* v. *Layne, supra* at 295; *Commonwealth* v. *Sitko, supra* at 314. See Mass. R. Crim. P. 29 (a). The judiciary may not act as a super-parole board.

We vacate the judge's orders and remand to the Superior Court where the original sentences are to be reinstated.

*So ordered.*

LIACOS, C.J. (dissenting). The court today enlarges its prior decision permitting the Commonwealth to appeal the

---

[9]We distinguish the case relied on by the defendants, *Commonwealth* v. *Foley*, 17 Mass. App. Ct. 238 (1983). In *Foley*, the Appeals Court held that it appeared that justice may not have been done and allowed a motion to revise the sentences to conform with the judge's intent. *Id.* at 245. The judge was aware of the parole regulations and intended the defendant to be eligible for parole in eighteen months. *Id.* He was mistaken, however, as to the length of time to which he would have to sentence a defendant in order for the defendant to be eligible for parole in eighteen months. The Appeals Court therefore revised the defendant's sentence to reflect the judge's intention as to *parole eligibility. Id.* at 246. That is not what the judge's order did in these cases. To the extent that *Foley* is inconsistent with our opinion, it is overruled.

[10] We recognize that, in imposing sentences, judges necessarily consider parole eligibility dates. Consideration of that factor after trial is not the same as revision of sentences based on denial of parole.

allowance of certain posttrial motions under the 1979 amend-
ments to G. L. c. 278, § 28E (1990 ed.). See *Common-
wealth* v. *Therrien*, 383 Mass. 529 (1981).[1] Thus, the court
holds that the Commonwealth may appeal the allowance of a
motion to revise or revoke a sentence brought pursuant to
Mass. R. Crim. P. 29, 378 Mass. 899 (1979). I adhere to the
view that our Legislature did not intend the 1979 "house-
keeping" changes to § 28E to alter the long-established
practice of allowing the Commonwealth to appeal from pre-
trial motions only. See *id.* at 539-542 (Liacos, J., dissent-
ing). I also believe that the court today misapplies the princi-
ples announced in *Therrien*, from which decision I dissented,
by reading into § 28E another rule of law which the drafters
of that statute never contemplated. Accordingly, I dissent.

Section 28E allows the Commonwealth to appeal the al-
lowance of "a motion for appropriate relief under the Massa-
chusetts Rules of Criminal Procedure." In *Therrien*, the
court construed these words to encompass a postverdict mo-
tion for a required finding of not guilty brought pursuant to
Mass. R. Crim. P. 25 (b), 378 Mass. 896 (1979). In support
of its conclusion, the court noted that Mass. R. Crim. P. 30,
378 Mass. 900 (1979), expressly allows the Commonwealth
to appeal the allowance of a motion for a new trial or a mo-
tion for release from confinement imposed in violation of the
laws of the Commonwealth. The court found that, "[i]n com-
mon parlance, such [posttrial] motions are motions for ap-
propriate relief." The court in *Therrien* reasoned that, be-
cause a criminal defendant may present the same legal
questions under either rule 25 or rule 30, it "follows logi-
cally" that the Commonwealth should have the right to ap-
peal the allowance of a motion brought under either of these
rules. *Therrien, supra* at 535. The court noted that its desire
"to find harmony and not discord in the cooperative effort of
the Legislature and this court to coordinate statutes and
rules involving procedural matters" lent further support to

---

[1]Prior to these amendments, § 28E was construed to cover pretrial mo-
tions only. See *Commonwealth* v. *McCarthy*, 375 Mass. 409, 413 (1978).

the conclusion that § 28E permits the Commonwealth to appeal from a posttrial motion. *Id.* at 534.

While the *Therrien* court refused to confine § 28E to pretrial motions, it also warned that "the Commonwealth may not appeal the allowance of every defense motion. There are certain motions whose allowance must be treated as terminating the criminal prosecution without any right to appeal." *Id.* at 535. This cautionary language squarely applies to the present case because none of the factors that supported the court's decision in *Therrien* is present here.

First, the legal issues raised by a rule 29 motion cannot be litigated under an independent rule of criminal procedure permitting appeals by the Commonwealth. Thus, the Commonwealth's asserted right to appeal the revision or revocation of a sentence does not "follow logically" from its right to appeal similar legal questions raised pursuant to a different procedural route. *Therrien, supra.* Next, a rule 29 motion is not — "in common parlance" — a motion for appropriate relief. The court's analysis in *Therrien* evinced an understanding that only motions relating to the conduct of the trial itself, such as a rule 13 discovery motion or a rule 25 motion for a required finding of not guilty, qualify as such. Rule 29 motions, on the other hand, concern the modification of the punishment imposed on the criminal defendant after the issue of his or her guilt has been determined.

Finally, today's decision does nothing to "coordinate statutes and rules involving procedural matters." *Therrien, supra* at 534. As already mentioned, no rule of criminal procedure permits the Commonwealth to appeal the revision or modification of a sentence. While language permitting the Commonwealth to appeal was added to rule 25 in 1983 after *Therrien*, rule 29 was never so amended. See Reporters' Notes to Mass. R. Crim. P. 25 & 29, Mass. Ann. Laws, Rules of Criminal Procedure at 434 & 473 (Law. Coop. 1979 & Supp. 1993). The court's stated desire "to find harmony and not discord" between statutes and rules, therefore,

should have prompted the court to disallow the Commonwealth's appeal in the present case. *Therrien, supra* at 534.[2]

In sum, the court has ignored the limitations on the Commonwealth's right to appeal set forth in *Therrien.* Today's standardless decision signals, I fear, a willingness to allow the Commonwealth to appeal from every defense motion brought under the rules of criminal procedure unless double jeopardy principles prohibit further prosecution. Congress has explicitly adopted this rule with respect to Federal cases. See 18 U.S.C. § 3731 (1988). Our Legislature, however, has drafted § 28E so as to limit further the Commonwealth's right to appeal. See *Commonwealth* v. *Yelle*, 390 Mass. 678, 684 (1984). The court's continuing dilution of our statute is regrettable. I dissent.

---

[2]*Commonwealth* v. *Layne*, 386 Mass. 291 (1982), does not support the court's decision because the Commonwealth's right to appeal was not challenged in that case.