COMMONWEALTH *vs.* MARK STEELE, THIRD.

No. 95-P-831.

Hampden. September 9, 1996. - March 20, 1997.

Present: SMITH, PORADA, & IRELAND, JJ.

*Practice, Criminal,* Sentence. *Judge.*

A Superior Court judge, considering a criminal defendant's motion to revise or revoke a sentence imposed by another judge, now retired, improperly substituted his judgment for that of the sentencing judge by allowing the motion based on the same information the sentencing judge considered in imposing the original sentence. [320-321]

INDICTMENT found and returned in the Superior Court Department on June 14, 1991.

A motion to revise or revoke sentence, filed on January 20, 1995, was heard by *Richard F. Connon*, J.

*Brett J. Vottero,* Assistant District Attorney, for the Commonwealth.

*David M. Hodge* for the defendant.

SMITH, J. The defendant was the subject of two indictments charging him with (1) burning a dwelling house, and (2) burning insured property. A Superior Court jury returned guilty verdicts on both indictments. On May 14, 1992, the judge imposed a ten-year sentence to the Massachusetts Correctional Institution (M.C.I.), Concord, on the indictment charging the defendant with burning a dwelling.[1] Over the Commonwealth's objection, the trial judge allowed a motion by the defendant to stay the execution of the sentence pending appeal.

On November 1, 1994, this court affirmed the defendant's conviction. *Commonwealth* v. *Steele*, 37 Mass. App. Ct. 1116 (1994). On November 29, 1994, the defendant filed an ap-

---

[1]The other indictment was placed on file with the defendant's consent.

plication for further appellate review which was denied by the Supreme Judicial Court on January 3, 1995. *Commonwealth* v. *Steele*, 419 Mass. 1104 (1995).

On January 20, 1995, the defendant filed a motion to revise or revoke his sentence.[2] Because the trial judge had retired, the defendant's motion was heard by another Superior Court judge. In arguing that the prison sentence imposed by the trial judge should be suspended, defense counsel brought to the motion judge's attention that during the stay of the execution of the sentence, the defendant (1) reported weekly to the probation department, and (2) became engaged to be married. The motion judge was also informed that since the defendant's convictions, his property had been subject to encumbrances placed on it by an insurance company. Further, during the hearing, the defendant's present employer told the judge that the defendant was a hard worker who attended church regularly.

In response, the prosecutor claimed that most of the defendant's arguments concerned events that occurred *after* the sentencing judge imposed the original sentence. The prosecutor pointed out that several decisions had held that a judge, in deciding a motion to revise or revoke a sentence, cannot consider postsentencing events. *Commonwealth* v. *Amirault*, 415 Mass. 112, 117 (1993). *Clark, petitioner*, 34 Mass. App. Ct. 191, 194-195 (1993).

The judge declared a brief recess in order to read the probation report. When he returned, the judge revoked the sentence imposed by the trial judge, suspended the ten-year sentence to M.C.I., Concord, and placed the defendant on probation for three years. When pressed by the Commonwealth for his reasons for revising or revoking the original sentence, the motion judge responded that he was "relying upon the probationary record that was furnished to the Court which is the same probationary record that was furnished to [the sentencing judge] on the date that he sentenced the defendant." The Commonwealth has appealed from the judge's decision. See *Commonwealth* v. *Amirault*, 415 Mass. at 114-115.

When a defendant files a motion to revise or revoke his

---

[2]The motion was timely filed. See Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979), which provides that a defendant may file a written motion "within sixty days after entry of any order or judgment of an appellate court denying review of . . . a judgment of conviction."

original sentence, rule 29 (a) "permit[s] a judge to reconsider the sentence he has imposed and determine, in light of the facts as they existed *at the time of sentencing*, whether the sentence was just" (emphasis original). *Commonwealth* v. *Layne*, 386 Mass. 291, 295 (1982), citing *Commonwealth* v. *Sitko*, 372 Mass. 305, 313-314 (1977). *Commonwealth* v. *Amirault*, 415 Mass. at 117. Both parties agree and we hold that because the sentencing judge had retired, it was proper for another judge to decide the defendant's motion.

Whenever another judge must consider a defendant's motion to revise or revoke a sentence imposed by a sentencing judge, the motion judge is under the same constraints as the sentencing judge in that the motion judge cannot consider postsentence events. The motion judge is limited to considering only new information concerning facts that existed at the time of the original sentence which were not known to the sentencing judge at the time the sentence was imposed.[3] To hold otherwise, would permit the motion judge to sit in judgment of a sentence imposed by another judge — which would not be wise for the proper administration of justice.

Here, the motion judge's decision to allow the defendant's motion to revise or revoke the sentence was based entirely on the information contained in the probation record — the same information that the sentencing judge considered in imposing the original sentence.[4] In so doing, the motion judge substituted his judgment for that of the sentencing judge.

We vacate the order allowing the motion to revise or revoke. The stay of the execution of the sentence imposed on May 14, 1992, is vacated, and that sentence is ordered into effect.

*So ordered.*

[3]In contrast to the situation here, a sentencing judge is not limited to receiving new information in order to decide a motion to revise and revoke a sentence that he or she imposed. A sentencing judge, after reflection, may consider that he or she was too harsh or "failed to give due weight to mitigating factors which properly he [or she] should have taken into account." *District Attorney for the N. Dist.* v. *Superior Court*, 342 Mass. 119, 128 (1961).

[4]In this matter, the sentencing judge had additional information that the motion judge did not have. The sentencing judge presided at the defendant's trial and could consider the evidence he heard concerning the defendant's involvement in committing the offenses for which he was found guilty. See *Commonwealth* v. *Banker*, 21 Mass. App. Ct. 976, 978 (1986).