Cowin, J.
BACKGROUND
On October 15, 1998, the defendant Juan Gomes was convicted of two counts of motor vehicle homicide by negligent operation (G.L.c. 90, §24G). He was sentenced to one year in the House of Correction on each count, said sentences to run consecutively.
The defendant filed a timely motion to revise and revoke his sentence. A hearing was held on this motion on August 18, 1999 and on September 10, 1999.[1]
The defendant seeks revision of each sentence to reduce each sentence from one year to 364 days. The basis for this motion is that the defendant is subject to being removed from the United States by the United States Department of Justice Immigration and Naturalization Service (INS) if he is convicted of an “aggravated felony” for which a sentence of at least one year is imposed.[2] A one-day reduction in each sentence would apparently preclude the “removal” procedure.[3]
DISCUSSION
Rule 29(a) of the Mass.R.Crim.P. provides that a court may revise and revoke a sentence “if it appears that justice may not have been done.” Commonwealth v. Layne, 386 Mass. 291, 295 (1982). The judge may reconsider the sentence in light of the facts as they existed at the time of sentencing. Id.
The facts regarding the INS removal procedure existed at the time of sentencing. However, they were not brought to the Court’s attention at that time, and were not considered by the Court when the defendant was sentenced. Thus, the removal procedure provides a proper basis for consideration by the Court of the pending motion.
The Court’s original sentence gave considerable weight to the fact that the defendant had been in the United States for nineteen years and had no criminal record. The instant offenses of which he was convicted, although very serious ones, still did not involve any criminal intent. Further, there was no evidence of alcohol consumption in connection with the event. In addition, the defendant had always supported his family and was a productive wage-earner. The Court’s *412 sentence was also informed by the relevant provisions of the Superior Court Sentencing Guidelines. Said Guidelines recommend a sentence of 0-12 months on each offense of which this defendant was convicted. The Court imposed a sentence of one year on each offense, said sentences to run consecutively. The sentences imposed were thus at the highest end of the Guidelines.
The families of the victims oppose any sentence reduction. While I am sensitive to the impact that this case has had upon the families, it was never the Court’s intention to create a condition which could result in the defendant’s removal from this country. If a difference of one day in each of the two sentences imposed prevents such a result, it is only just to revise the sentences accordingly.
If, in order to prevent removal, it were necessary to reduce the sentence by a number of years, there would be a rational basis for denying a sentence reduction. A one-day reduction, however, does not alter the nature of the punishment imposed or the deterrent effect of the penalty. It simply prevents an unintended collateral consequence of the sentence. A one-day reduction will do justice in this situation and for that reason this Court allows the motion to revise and revoke.
ORDER
Each of the sentences imposed is to be reduced by one day.
The motion to revise and revoke is ALLOWED.

Although the motion was timely filed, see Mass.R.Crim.P. Rule 29(a), no hearing was requested at that time.

There was no evidence that the defendant is an illegal alien.

Although the government does not contest the accuracy of this representation, the Court, after the hearing, sought the authority to support this claim. Such authority is found in 8 U.S.C. §1101(a)(43)(F) and §1227(a)(2)(A)(II).