ROBERT EDWARD STEWART  *vs.*  COMMISSIONER OF
CORRECTION & another.[1]

Suffolk.   January 10, 1983. — May 20, 1983.

Present: GREANEY, KAPLAN, & DREBEN, JJ.

*Imprisonment.  Practice, Criminal,* Sentence.

Where, in the case of a prisoner sentenced in 1974 to consecutive terms of
   imprisonment for second degree felony murder and armed assault in a
   dwelling, with the first such term to commence on his release from a
   New Hampshire sentence he was then serving, the Supreme Judicial
   Court, applying the "same evidence" test, vacated the assault sentence
   and remanded that case for resentencing, and a judge in the Superior
   Court then mistakenly imposed a sentence on the assault conviction to
   commence on the date of the original sentencing rather than on the
   1979 date of his release from the New Hampshire sentence, this court,
   on appeal in a civil proceeding by the prisoner seeking a declaration of
   his rights, held that the 1979 starting date of the murder sentence was
   unchanged by the judge's action, but, despite the incongruity of the
   sentences, left standing the 1974 starting date of the assault sentence.
   [60-62]

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 5, 1980.

The case was heard by *Adams,* J.

*Peter G. DeGelleke* for the plaintiff.

*Michael B. Roitman,* Assistant Attorney General, for the
defendants.

DREBEN, J.   The plaintiff sought a declaration that a life
sentence for second degree murder he is currently serving
commenced on November 18, 1974.  A judge of the Supe-
rior Court concluded that that sentence, as well as a
sentence the plaintiff was serving for armed assault in a
dwelling house, began on November 23, 1979.  We agree

---

[1] Superintendent of M.C.I., Norfolk.

with the Superior Court judge that the murder sentence began on November 23, 1979, but leave in place the date of commencement of the armed assault sentence, that is, November 18, 1974.

The facts are not in dispute. On November 18, 1974, the plaintiff was convicted of second degree felony-murder and of armed assault in a dwelling and was sentenced to consecutive life terms to be served on and after the expiration of a New Hampshire sentence he was then serving on unrelated charges. The Supreme Judicial Court affirmed his convictions but, applying the "same evidence" test, held that consecutive sentences could not be imposed because "the conviction of armed assault in a dwelling house did not require proof of any facts different from those necessary to prove the murder charge based on the commission of the felony." *Commonwealth* v. *Stewart,* 375 Mass. 380, 392-393 (1978). The case was remanded to the Superior Court, with instructions that "[t]he sentence on the armed assault charge is to be vacated and a new sentencing hearing on that charge is to be held." *Id.* at 393. In a footnote the court indicated that the Superior Court judge had the option of placing the armed assault indictment on file with Stewart's consent. *Id.* at 394 n.3.[2]

On August 2, 1978, the plaintiff, appearing through his attorney (having waived his right to be present at the hearing), was resentenced. Although we sought the transcript

---

[2] This court, after oral argument, asked counsel to comment on the applicability of *Commonwealth* v. *Jones,* 382 Mass. 387, 395 (1981), to this case. See also *Commonwealth* v. *Crocker,* 384 Mass. 353, 358 n.6 (1981). Although the Commonwealth in a letter to this court dated April 12, 1983, states that *Jones* "appears to control" the present case and "suggests that the court should dispose of the instant matter in a manner consistent" with *Jones,* we decline to do so because of the rescript of the Supreme Judicial Court in this case and because of *Shabazz* v. *Commonwealth,* 387 Mass. 291, 297 (1982). See also *Commonwealth* v. *Licciardi,* 387 Mass. 670, 677 n.4 (1982); *Commonwealth* v. *Cameron,* 385 Mass. 660, 670 (1982). Cf. *Commonwealth* v. *Currie,* 388 Mass. 776, 777 (1983). It appears from these cases that in the felony-murder context the Supreme Judicial Court has not considered the principles of *Commonwealth* v. *Jones* to be applicable. Thus the "same evidence" rule in this context bars a consecutive sentence but, as yet, not a concurrent one.

of the hearing, we have been informed by both counsel that it is unavailable. The back of the indictment on the armed assault charge has in ink the following notation: "The sentence imposed on November 18, 1974 is this day revoked." The remaining relevant notations on the indictment are reproduced below. Those matters which are stamped appear in regular type; those matters which are added in ink appear in italics.

"SENTENCE — MASSACHUSETTS CORRECTIONAL INSTITUTION, *Walpole*

FOR A TERM ~~NOT EXCEEDING~~ *of life* ~~YEARS, OR~~ ~~LESS THAN~~ _____ ~~YEARS.~~
This sentence to be served concurrently with the sentence imposed this day in # 109075[3]

THIS SENTENCE IS DEEMED BY THE COURT TO HAVE COMMENCED ON *November 18, 1974,* THE DEFENDANT

HAVING BEEN IN CONFINEMENT _____ DAYS. MITTS ISSUED

BY THE COURT
*Lappin* J.                                       *Robert S. McDade*
                                       *Deputy* ASSISTANT CLERK
*78 August 2*"

The mittimus and the docket entry contained the same language in so far as here relevant.

Arguing from the language that the sentence was "deemed by the court to have commenced on November 18, 1974," the plaintiff claims that the judge in 1978 imposed

---

[3] The indictment for murder.

the same concurrent sentence on the murder indictment as on the armed assault indictment with the same effective date of November 18, 1974. This he claims follows from the remand in *Stewart.* Life sentences commencing on two different dates are, in his view, equivalent to consecutive life sentences and precluded by *Stewart.* He argues that the judge in 1978 had power to alter the murder sentence as that sentence had not yet commenced; the plaintiff was not paroled from a New Hampshire prison until November 23, 1979.

The Superior Court judge (not the same judge who resentenced the plaintiff in 1978) rejected the plaintiff's conclusion that the murder sentence began in 1974 and held that both sentences started on November 23, 1979. He ruled that the judge meant that the plaintiff's sentence "was deemed to have *entered* on November 18, 1974, *nunc pro tunc,* as if it had been properly entered in the first place prior to the appeal" (emphasis in original), and that the sentence on the murder charge was left intact.

We agree that the sentence on the murder charge was left in place by the Supreme Judicial Court, *Commonwealth* v. *Stewart,* 375 Mass. at 393, and that the resentencing judge did not change or intend to disturb that sentence even if he might have had the power to do so. See *Shabazz* v. *Commonwealth,* 387 Mass. 291, 296 (1982). The contention that the valid murder sentence which commenced on the date of the plaintiff's release from New Hampshire was changed by the imposition of the new, less onerous, sentence on the armed assault charge appears to us to be as "extraordinary" as the claim made in *Romano, petitioner,* 355 Mass. 795, 796 (1969). In that case the court rejected a contention that a valid sentence imposed in 1967 to be served concurrently with 1956 sentences imposed for unrelated crimes should be reversed because the 1956 convictions were reversed.[4] Similarly here, there is no reason to disturb the

---

[4] The court stated, "The petitioner makes the extraordinary contention that the concurrent sentence of June 23, 1967, though it has none of the

valid murder sentence which began in 1979. That sentence was unaffected by the 1978 imposition of sentence on the armed assault charge.

On remand the resentencing judge intended to impose a sentence on the armed assault charge concurrent with the murder sentence. Had he imposed a sentence to begin in 1979, there would have been no problem. It appears that the judge mistakenly thought that the murder sentence began on November 18, 1974, the date it was imposed, and he, therefore, linked the commencement of the armed assault sentence to that date. The second Superior Court judge recognized the error and corrected the mittimus. See *Bolduc* v. *Commissioner of Correction*, 355 Mass. 765, 767 (1969); Mass.R.Crim.P. 42, 378 Mass. 919 (1979). We think, however, if the plaintiff can derive any benefit from the fact that the armed assault sentence "was deemed to have commenced" in 1974 that, despite the technical incongruity of the sentences, we should allow, in these circumstances, a construction of the sentence that favors his liberty.[5] Cf. *Brown* v. *Commissioner of Correction*, 336 Mass. 718, 722 (1958); *Manning* v. *Superintendent, Mass. Correctional Inst., Norfolk*, 372 Mass. 387, 393-397 (1977). We are loath to impose a more severe punishment than the one in place when Stewart brought his petition. See *Shabazz* v. *Commonwealth*, 387 Mass. at 296. Accordingly, we conclude that the concurrent sentence on the armed assault charge (indictment No. 109076) should be deemed to have commenced (as plainly indicated on the indictment, the docket entry and mittimus) on November 18,

---

infirmities of the reversed sentences, should also be reversed. The proposition carries its own refutation." *Romano, petitioner, supra* at 796.

[5] Although there is no present indication of its likelihood, the possibility exists that the murder sentence may be commuted or otherwise changed. In such event, Stewart would benefit, for parole and perhaps for other purposes, by having the armed assault sentence deemed commenced in 1974. The Commonwealth has not argued and has therefore waived any argument that a Massachusetts sentence may not be imposed concurrently with a New Hampshire sentence, and we do not consider that question.

1974.  We note that the Commonwealth does not appear to oppose this disposition.  See note 2, *supra.*

The judgment is vacated, and a new judgment is to enter declaring that the murder sentence was unaffected by the resentencing of the defendant on the armed assault charge and began on November 23, 1979, and that the sentence on the armed assault charge commenced on November 18, 1974.

*So ordered.*