### STATE of Utah, Plaintiff and Respondent,

### v.

### George PAPPAS and W. Ray Clapper, Defendants and Appellants.

### No. 19970.

Supreme Court of Utah.

Jan. 18, 1985.

---

cate of probable cause from the trial judge, but the judge has thus far refused to set bail and order his release during the pendency of his appeal. Appellant therefore filed a "Petition for Review of Denial of Bail" before this Court, which was heard on November 5, 1984. Rule 27 of the Utah Rules of Criminal Procedure, on which appellant relies, provides in part as follows:

> If the certificate of probable cause is granted, the court granting the certificate may continue the defendant in custody at an appropriate place of detention, or admit the defendant to bail or release pending appeal on suitable terms and conditions. The decision on the request of the defendant for release to bail is subject to review by the appellate court for abuse of discretion.

Appellant's counsel argues that the trial judge, having granted a certificate of probable cause in this case, has abused his discretion in failing to admit the appellant to bail on the basis of the facts in the record.

In May of 1984, after sentencing, the appellant obtained a certificate of probable cause from the trial court. However, the trial judge declined to continue the pretrial bail and referred the appellant to this Court "to issue a stay if that is their decision." In June, appellant therefore requested this Court to set bail and order his release pending disposition of his appeal. His request was referred back to the trial court pursuant to Rule 27 "for the purpose of determining the propriety of bail and, if so, the amount thereof." On August 10, the trial court, without a hearing and on the basis of the contents of the file and memoranda of counsel, declined to set bail, but issued a temporary stay of his custody order until "the matter is heard on the Supreme Court law and motion calendar."

Appellant then filed a motion for a stay of execution and a determination of bail, which was heard and denied by this Court on October 1, 1984, it being clear from the language of Rule 27 that bail may be set and a stay issued only by the court that issues the certificate of probable cause, in

Stephen R. Madsen, Provo, Randine Salerno, Ogden, for defendants and appellants.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Appellant Pappas was convicted of theft by receiving stolen property on April 10, 1984. He sought and was granted a certifi-

this instance the trial court. Our only function under the Rule is to review the trial court's exercise of its discretion. Appellant's second motion before us, like his first, was not supported by any transcripts, orders, or any pertinent parts of the record below.

Appellant requested another bail hearing before the trial judge and appeared with counsel for that purpose on October 5, 1984. He has, in connection with this petition for review, now filed a copy of a transcript[1] of that hearing. At the hearing, the trial judge announced that he would continue to deny bail. Appellant's counsel requested that the judge make findings on the record regarding his reasons for denying bail. The trial court's response is set forth below:

THE COURT: I don't think I have to state reasons why I impose sentence or why I take a person into custody, except that I will state that he is being taken into custody because he was found guilty by a jury of—I don't have the whole file here. I don't know why—

MR. MADSEN: Theft by receiving, a second degree felony.

THE COURT: The jury found him guilty of that, I reviewed the presentence reports of his past record. I feel that based on that he should be incarcerated. I indicated to you that first time, I said there was a legal issue, which I ruled on, which the Supreme Court can address. But I also indicated that the gentleman should be taken into custody.

MR. MADSEN: Am I understanding, then, that the reason is because he has been convicted?

THE COURT: That's correct.

MR. MADSEN: And not because of flight or danger to the community or—

THE · COURT: I think all of those things. It's based on that. It's based on what's in the presentence report. I think he is a real danger to the community. I

think there's a real chance he would flee. I think his past record proves that.

MR. MADSEN: Your Honor, the defendant has always attended court and has substantial property holdings here in Utah.

THE COURT: Counsel—

MR. MADSEN: Is there any evidence upon which the Court—

THE COURT: I'm ordering the bailiff to take him into custody at this time and he will be incarcerated in the Salt Lake County Jail until such time as the Supreme Court either hears the matter or gives an independent ruling of their own.

Court will be in recess.

■ The appellant relies on principles articulated in *Leigh v. United States*, 82 S.Ct. 994, 8 L.Ed.2d 269 (Warren, Circuit Justice, 1962). We are in agreement with the view set forth therein: "[Bail] is to be denied only in cases in which, from substantial evidence, it seems clear that the right to bail may be abused or the community may be threatened by the applicant's release." *Id.* at 996. None of the transcripts before us demonstrate reliance by the trial judge on substantial evidence that the appellant is likely to abuse the right to bail or that he is a danger to the community. The trial judge's conclusory language on those two issues makes no reference to any facts supporting the conclusions, and we cannot review his discretion without such factual findings.

■ In view of the fact that the trial judge issued a certificate of probable cause which automatically stays execution of the sentence imposed on appellant, with the result that the appellant would be in custody in the Salt Lake County jail pending resolution of his appeal without receiving any mandatory credit towards any prison sentence eventually served, we believe that there should be a strong showing of the necessity of custody before bail is denied.

---

1. He has also provided for the first time transcripts of the May and August hearings, which

we have reviewed.

This matter is remanded, with instructions to the trial court to enter specific written findings of fact setting forth the facts in evidence upon which he relies in determining that there has been a showing of the necessity of custody during the pendency of the appeal in this case.

HALL, C.J., dissents.