The STATE of Utah, Plaintiff
and Respondent,

v.

George Ray NEELEY, Defendant
and Appellant.

STATE of Utah, Plaintiff and
Respondent,

v.

Lynn BELT, Defendant and Appellant.

Nos. 20694, 20710.

Supreme Court of Utah.

Sept. 26, 1985.

Ronald J. Yengich, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

1. 1984 U.S. Code Cong. & Ad. News 3182, 3185–86.

## PER CURIAM:

The defendants in these consolidated appeals filed motions for certificates of probable cause pursuant to Rule 27, Utah R.Crim.P. (U.C.A., 1953, § 77–35–27). The State opposes issuance of the certificates and requests an interpretation and clarification of the requisite procedures and grounds upon which this Court and the district courts will issue certificates of probable cause under Rule 27.

Rule 27 provides a two-step process for defendants in seeking release on bond pending appeal from a criminal conviction. First, the defendant applies to the district court for a certificate of probable cause. If that court denies the certificate, the defendant may apply to this Court for the certificate. If either court issues the certificate, the defendant may then seek release on bond pending his appeal.

The State first requests this Court to outline the criteria by which this Court and the district courts will determine whether a certificate of probable cause should be granted. Rule 27(b) provides in relevant part:

> A certificate of probable cause shall be issued if the court hearing the application determines that *there are meritorious issues that should be decided by the appellate court.*

(Emphasis added.)

The State suggests that this Court interpret "meritorious issues" to mean "substantial questions of law or fact which, if determined favorably to the defendant on appeal are likely to result in reversal or an order for a new trial." *See* 18 U.S.C. § 3143(b)(2). The quoted language, in substance, was added to the federal law effective 1984 as one of several changes in the federal Bail Reform Act. Those changes have been described as marking a "significant departure from the basic philosophy"[1] of the purpose of bail.

The shift in philosophy is best illustrated by the following: In 1926, Mr. Justice Butler stated that the federal statutes were designed to carry

Our rule does not contain the language urged by the State, but is rather patterned after the federal law prior to the 1984 changes. The previous federal law required that, in order to be admitted to bail pending appeal, a defendant must raise a substantial question which should be determined by the appellate court. The federal courts have consistently interpreted that language to mean that bail should be denied if the appeal is frivolous or taken merely for delay, but that bail should be granted where the issues raised by the defendant are either novel or fairly debatable. *See, e.g., D'Aquino v. United States,* 180 F.2d 271 (9th Cir.1950); *Bridges v. United States,* 184 F.2d 881 (9th Cir.1950).

▇▇▇ We hold that under our Rule 27, in issuing a certificate of probable cause preliminary to consideration of release pending appeal, the court must determine that the issues of fact or law raised on appeal are substantial. There are two prongs to the test for determining whether issues raised are "substantial." First, the question raised must be either (1) novel, *i.e.,* there is no Utah precedent that governs, or (2) fairly debatable. A legal issue is fairly debatable if Utah precedent bearing on the issue presents conflicting points of view when applied to the facts of the case or is otherwise unclear. Second, the legal issue raised must also be integral to the conviction, *e.g.,* if error in the proceedings below would be considered harmless, in light of precedent, the certificate should not issue.

▇▇▇ The second point raised by the State in its motion concerns the state of the record at the time certificates of probable cause are argued before this Court. The record of proceedings below is not available in this Court at the time such petitions are brought. In addition, the petitions filed by the defendants are generally conclusory and contain little information concerning the case. The attorney general, who is by law required to argue before this Court,[2] is uninformed concerning the facts of the case or the proceedings taken in the court below and therefore finds it difficult to respond to petitions for certificates of probable cause. This Court is likewise uninformed concerning the record until oral argument. In order that this Court may make an informed decision in issuing certificates of probable cause under Rule 27, we shall from this date forward require that an affidavit be filed at the time a petition for certificate of probable cause is filed in this Court. The affidavit shall be made and signed by defense counsel, rather than the defendant, and shall narrate the facts developed at trial together with the following: a statement of the crime for which the defendant was convicted; the sentence imposed; whether the defendant has previously applied to the district court for a certificate of probable cause and, if so, whether the issues presented were the same as those presented to this Court; the ruling of the district court on the issues; and the bases or reasons for the court's ruling. In addition, counsel shall file a memorandum of law in support of the defendant's position that the issues to be presented on appeal are novel or fairly debatable and are integral to the conviction.

▇▇▇ Finally, the State questions the practice of defense counsel in presenting and arguing grounds for release on bail at the time of argument on the certificate of probable cause. As previously stated, Rule 27 provides a two-step process for defendants in seeking release on bond pending appeal. The second step, release pending appeal, with or without bail, is based on

out the philosophy that "no one shall be required to suffer imprisonment for crime before the determination of his case in the court of last resort." *United States v. Motlow,* 10 F.2d 657, 662 (7th Cir.1926).

In interpreting the 1984 changes, the Third Circuit Court quoted the House Report on the District of Columbia Act: "Once a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances." *United States v. Miller,* 753 F.2d 19, 22 (3d Cir.1985).

**2.** U.C.A., 1953, § 67–5–1–(1).

evidence that the defendant is not likely to flee the jurisdiction and that the community will not be threatened by his release.[3] Inasmuch as this Court does not take evidence, we normally direct the district court to receive such evidence and determine the appropriateness of release and the amount of any bail, all subject to our review. We will not consider the bases for release or setting of bail at the time a certificate of probable cause is under consideration by this Court.

■ We have reviewed the petitions for certificate of probable cause filed by counsel in these consolidated cases and find that the appeals are not plainly frivolous. Defendants have presented at least one issue which is fairly debatable as defined in this opinion. The motions are granted, the certificates will issue, and these cases are remanded to the trial court for consideration of release and setting of bail, if any.

*So ordered.*

---

**3.** *State v. Pappas*, Utah, 696 P.2d 1188 (1985).