PER CURIAM.
Appellant seeks review of an order denying his motion for post-conviction release *403 pending appeal.[1] Because the only permissible ground for appeal pertains to the propriety of the sentence imposed,[2] the trial court found that Rule 3.691, Florida Rules of Criminal Procedure, did not authorize post-conviction release. We affirm.
Rule 3.691 provides, in pertinent part:
(a) All persons who have been adjudicated guilty of the commission of any offense, not capital, may be released, pending review of the conviction, at the discretion of either the trial court or appellate court.... [emphasis added]
Therefore, the circuit court found that one who appeals only a sentence, as opposed to a conviction, is not entitled to post-trial release.
Appellant contends that, because the appeal is authorized by statute and court rule,[3] the supersedeas bond should be allowed. However, there is no express statutory authorization to grant supersedeas bond on appeal of a departure sentence only. Additionally, we have found no authority for the proposition that the right to appeal carries with it an inherent right to supersedeas.
Furthermore, the circuit court’s strict construction of Rule 3.691, Florida Rules of Criminal Procedure, is justified in light of the rational basis upon which the court drew the distinction. Namely, appellant is not asserting his innocence and/or right to fair trial on appeal, i.e., his right to be free, but is only alleging that the trial court erred in the severity of the sentence imposed.
Due to the express and exclusive language of Rule 3.691(a), the lack of any other express authority for post-trial release in these circumstances, and our finding that a rational basis exists for distinguishing between those who appeal convictions and those who appeal a sentence only, we find no error in the appealed order. Accordingly, the order of the trial court denying appellant a supersedeas bond is affirmed.
SHIVERS, WENTWORTH and WIG-GINTON, JJ., concur.

.The appeal is pending in this court under Case No. BG-125. Pursuant to Rule 3.691(c), Florida Rules of Criminal Procedure, appellant filed a separate notice of appeal of the order denying his motion for post-trial release. Reading Rule 3.691(c) in pari materia with Rule 9.140(e)(4), Florida Rules of Appellate Procedure, we find that the better practice would have been to seek review of the post-trial order by motion in the already pending Case No. BG-125.

. Appellant pled nolo contendere to the charge against him without expressly reserving the right to appeal any issue. See Rule 9.140(b)(1)(E), Florida Rules of Appellate Procedure.

. Rule 9.140(b)(1)(E), Florida Rules of Appellate Procedure; Sections 921.001(5) and 924.-06(l)(e), Florida Statutes.