**Michael G. JENSEN, Plaintiff and Appellant,**

**v.**

**Fred C. SCHWENDIMAN, Chief, Driver License Services, State of Utah, Defendant and Respondent.**

**Case No. 870272–CA.**

Court of Appeals of Utah.

Nov. 4, 1987.

Randall Gaither, Salt Lake City, for plaintiff-appellant.

David L. Wilkinson, State of Atty. Gen., Governmental Affairs, for defendant-respondent.

Before DAVIDSON, GARFF and GREENWOOD (On Law and Motion), JJ.

MEMORANDUM DECISION
DENYING STAY

PER CURIAM:

This matter is before the Court on appellant's Motion for Stay Pending Appeal of a district court order suspending his drivers' license. We deny a stay under the circumstances of this case.

---

Rule 8 of the Rules of the Utah Court of Appeals governs the determination of whether a stay from an order in a non-criminal matter [1] will be granted. Rule 8(a) provides, in relevant part:

Application for a stay of the judgment or order of a district court, juvenile court, or circuit court pending appeal, for approval of a supersedeas bond, or for an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance in the court from which the appeal is taken. A motion for such relief may be made to the Court of Appeals, but the motion shall show that application to the district court, juvenile court, or circuit court for the relief sought is not practicable or that such court has denied an application or has failed to afford the relief which the applicant requested, with the reasons given by that court for its action. The motion shall also show the reasons for the relief requested and the facts relied upon, and if the facts are subject to dispute, the motion shall be supported by affidavits or other sworn statements or copies thereof. With the motion shall be filed such parts of the record as are relevant....

The Advisory Committee Note to Utah Rule of Appellate Procedure 8 (identical to R.Utah Ct.App. 8) provides that the rule must be read in conjunction with Rule 62 of the Utah Rules of Civil Procedure, concerning the power of the district court to grant stays pending appeal. A stay may be sought in the appellate court only if it has been first denied by the trial court.

Rule 8(a) of the Utah Court of Appeals is patterned after Rule 8(a) of the Federal Rules of Appellate Procedure, and Rule 62 of the Utah Rules of Civil Procedure is substantially similar to Rule 62 of the Federal Rules of Civil Procedure. The standards applied in assessing a motion under Rule 8 of the Federal Rules of Appellate Procedure are the same as those applied under Rule 62 of the Federal Rules of Civil Procedure. Wright & Miller, *Federal Practice and Procedure*, § 2904 (1973). Thus, a money judgment will be stayed as a matter of right upon posting a supersedeas bond. *See American Manufacturers Mutual Insurance Co. v. American Broadcasting-Paramount Theatres, Inc.*, 87 S.Ct. 1, 17 L.Ed.2d 37 (1966). A motion to stay the effect of an order suspending driving privileges is a request for an order "granting an injunction during the pendency of an appeal." R.Utah Ct.App. 8(a).

The decision to stay enforcement of a judgment is within the discretion of the reviewing court. Under the federal rules, the standard of review has been stated as follows:

[I]t is generally required that (a) the applicant make a strong showing that he is likely to succeed on the merits of the appeal; (b) the applicant establish that unless a stay is granted he will suffer irreparable injury; (c) no substantial harm will come to other interested parties, and (d) a stay would do no harm to the public interest.

Wright & Miller, *Federal Practice and Procedure* § 2904. *See, e.g., United States v. Baylor University Medical Center*, 711 F.2d 38, 39 (5th Cir.1983); *see also Hodges v. Brown*, 500 F.Supp. 25, 30 (E.D. Pa.1980), *aff'd*, 649 F.2d 859 (3rd Cir.1981), *cert. denied*, 454 U.S. 820, 102 S.Ct. 101, 70 L.Ed.2d 91 (1981) (the court examines the same considerations to grant or deny a motion for an injunction pending appeal as we would for the issuance of a preliminary injunction).

■ We hold that parties seeking a stay under Rule 8 must support the motion for stay as specified in the rule, and in such a manner to allow this court to make an assessment of the factors identified under the analogous federal rules. It should be

---

1. Stays in criminal cases pending appeal are governed and shall be had in accordance with Rule 27, Utah Rules of Criminal Procedure, and the requirements of *State v. Neeley*, 707 P.2d 647 (Utah 1985). Rule 17 of the Rules of the Utah Court of Appeals is applicable to stays of administrative agency orders where judicial review of the order is provided by statute. The present case involves an appeal from an order of the district court following a de novo hearing; accordingly, Rule 8 applies.

noted that at the time a motion for stay is argued, the record of proceedings is generally not before this court. Accordingly, we will require that a motion for stay shall be supported by an affidavit of appellant's counsel narrating the facts developed at trial and setting forth the following: the nature of the case and the judgment imposed; whether the appellant has previously applied to the trial court for a stay and, if so, whether the issues presented were the same as those presented to this court; the ruling of the trial court on the issues; and the bases or reasons for the court's ruling. In addition, counsel may file a memorandum of points and authorities in support of appellant's position that a stay is justified under the standards enunciated in this decision, and attach any relevant portions of the trial court record.[2]

 The present motion for stay indicates as grounds only that the stay is necessary to avoid having the appeal mooted by the expiration of the one-year suspension period. It contains no indication that a stay pending appeal was sought from the district court as required by Rule 8, although a response to the opposing memorandum filed by the State indicates that the district court did grant a stay pending only the de novo hearing. No facts supporting the relief requested are provided and no portions of the record are attached to the motion as required by Rule 8.

Based solely on appellant's Docketing Statement and the Motion to Stay, it is not possible to determine whether the issues raised will be supported by the record. Appellant's assertion that the appeal will become moot prior to decision due to the passage of the suspension period is, however, likely to be correct. Nevertheless, we believe Rule 8 clearly contemplates that an indication of the support for the merits of the appeal should be provided. We, accordingly, apply the standards adopted from the federal court in assessing the present application for stay. First, appellant has not made a strong showing of

likelihood of success on the merits. He has failed to indicate any specific factual support for his contentions on appeal. As to the second element, appellant and others similarly situated contend that irreparable injury will result to the appellant who is denied a stay, since the matter will likely be moot prior to the time the appeal is determined. As to the third element, there is little likelihood of harm to directly "interested parties" in driver's license suspension actions. However, as to the final element, "harm to the public interest", we are convinced that routinely granting stays based solely on the possibility of mootness could have an adverse impact on the public interest in removing drunk drivers from the road. The purpose of the administrative procedure for drivers' license revocation is not to punish individual drivers, but to protect the public. *Ballard v. State*, 595 P.2d 1302, 1305 (Utah 1979).

As noted in this Court's opinion in *Kehl v. Schwendiman*, 735 P.2d 413 (Utah App. 1987), novel issues raised in such cases can elude appellate review due to the expiration of the one-year suspension period. For this reason, we conclude that a stay may be granted in cases where the merits would otherwise justify an exercise of this court's jurisdiction to determine the substantive issues. The possibility of mootness alone, however, will not suffice to support granting a stay. Granting of a stay solely on the basis that an appeal may become moot poses a threat to the public interest by weakening the enforcement potential of Utah Code Ann. § 41-6-44.10 (1987), the implied consent statute. Drivers would have an incentive to refuse chemical tests knowing that there could be a substantial delay in enforcement of the suspension if an appeal is taken from the de novo hearing in the district court. Absent a strong showing of the likelihood of success on the merits, the balancing of the factors to be considered in assessing an application for a stay of a driver's license suspension tips in favor of denying a stay due to important public policy implications. The appellant in

---

**2.** These procedural requirements are substantially similar to those adopted by the Utah Supreme Court in *State v. Neeley*, 707 P.2d 647,

649 (Utah 1985) in order to provide sufficient information to assess an application for certificate of probable cause in a criminal matter.

this case has not made a convincing showing that he is likely to succeed on the merits, and the stay is, therefore, denied.

DAVIDSON, GARFF and GREENWOOD, JJ., concur.