STATE of Utah, Plaintiff and Respondent,

v.

Dickie Lynn STUKES, Defendant and Appellant.

No. 880154–CA.

Court of Appeals of Utah.

April 22, 1988.

Bradley P. Rich, Yengich, Rich, Xaix & Metos, Salt Lake City, for defendant and appellant.

David L. Wilkinson, State Atty. Gen., Sandra L. Sjogren, Asst. Atty. Gen., for plaintiff and respondent.

Before JACKSON, ORME and GREENWOOD, JJ. (On Law and Motion).

### MEMORANDUM DECISION

PER CURIAM:

This matter is before the court on a Petition for Certificate of Probable Cause. Appellant's counsel filed the petition on March 10, 1988. It was accompanied by a brief Memorandum of Points and Authorities, but was not supported by the affidavit of counsel required by *State v. Neeley*, 707 P.2d 647 (Utah 1985). The Utah Supreme Court set forth the rationale for the procedure mandated in *Neeley* as follows:

> The record of proceedings below is not available in this Court at the time such petitions are brought. In addition, the petitions filed by the defendants are generally conclusory and contain little information concerning the case. The attorney general, who is by law required to argue before this Court, is uninformed concerning the facts of the case or the proceedings taken in the court below and therefore finds it difficult to respond to petitions for certificates of probable cause. This Court is likewise uninformed concerning the record until oral argument. In order that this Court may make an informed decision in issuing cer-

**514**

tificates of probable cause under Rule 27, we shall from this date forward require that an affidavit be filed at the time a petition for certificate of probable cause is filed in this Court. The affidavit shall be made and signed by defense counsel, rather than the defendant, and shall narrate the facts developed at trial together with the following: a statement of the crime for which defendant was convicted; the sentence imposed; whether the defendant has previously applied to the district court for a certificate of probable cause and, if so, whether the issues presented were the same as those presented to this Court; the ruling of the district court on the issues; and the bases or reasons for the court's ruling. In addition, counsel shall file a memorandum of law in support of the defendant's position that the issues to be presented on appeal are novel or fairly debatable and are integral to the conviction.

*Id.* at 649.

The requirements of the *Neeley* case have been the law in this state for over two years, but are only sporadically followed in practice before this court. The present case is illustrative. No affidavit was filed by counsel. The memorandum of law sets out the offenses that are the subject of defendant's conviction, the sentence, and the fact that the certificate of probable cause was denied by the trial court. It does not state whether the issues presented to the trial court were the same as those raised here nor does it describe the basis for the trial court's ruling. Key to a successful showing under *Neeley* are the novelty or debatability of the issues raised by the appeal. *Neeley* requires a memorandum of law supporting "defendant's position that the issues presented on appeal are novel or fairly debatable...." *Id.* In this case, there is only a conclusion that this is such a case:

> Counsel for appellant further raises the exact issue to be presented on appeal is whether or not general permission to search a vehicle includes the right to open sealed containers contained within. Said issue is an issue of substantial merit and is an issue of first impression in the

State of Utah. For the reasons set forth above, a certificate of probable cause ought to issue.

While stating that the "exact" issue in this case is one of first impression, appellant's counsel does not undertake any explanation of why, under the facts of this case, the search can be distinguished from searches validated in past decisions. The memorandum of law requirement under *Neeley* cannot be satisfied without citation to, and a discussion of, the legal authorities that fairly permit the issues on appeal to be characterized as "novel or fairly debatable."

Because appellant's counsel has failed to comply with the explicit requirements of the *Neeley* case, we deny the present petition, without prejudice to renewal of the petition in a manner that complies with *Neeley.*

JACKSON, ORME and GREENWOOD, JJ., concur.