ROBERT E. STEWART vs. COMMONWEALTH.

Suffolk. September 9, 1992. - November 10, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, & NOLAN, JJ.

*Bail. Practice, Criminal*, Postconviction relief.

A claim for postconviction relief which, if successful, can result only in an earlier parole eligibility date, and not immediate discharge, may not be the basis for a criminal defendant's release on bail. [668-669]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on April 15, 1992.

The case was considered by *Greaney*, J.

*Peter G. DeGelleke* for Robert E. Stewart.

*Catherine E. Sullivan*, Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The narrow issue before us is whether a person serving a mandatory life sentence for conviction of murder in the second degree and a life sentence for armed assault in a dwelling house may be admitted to bail pursuant to Mass. R. Crim. P. 30 (c) (8) (A), 378 Mass. 902 (1979), pending an appeal that, at most, would result in an earlier parole eligibility date. Robert Stewart's convictions of murder in the second degree and armed assault in a dwelling house were affirmed. See *Commonwealth* v. *Stewart*, 375 Mass. 380 (1978). In that opinion, we ordered Stewart's life sentence for armed assault in a dwelling be vacated and remanded the matter for resentencing. Stewart brought numerous motions for postconviction relief.[1] In one postconviction proceeding,

---

[1]See, e.g., *Commonwealth* v. *Stewart*, 383 Mass. 253, 254 (1981). Stewart challenged the date the sentences commenced. *Stewart* v. *Commissioner of Correction*, 16 Mass. App. Ct. 57 (1983). He also sought a change in the structure of his sentences which was denied by the Appeals

the Appeals Court left unchanged an apparent clerical error which led to the sentence for armed assault in a dwelling being deemed to have commenced immediately on his conviction on November 18, 1974. The sentence for murder in the second degree was not to commence until New Hampshire authorities paroled Stewart. See *Stewart v. Commissioner of Correction*, 16 Mass. App. Ct. 57 (1983). In 1979, New Hampshire authorities paroled Stewart.

In April, 1991, Stewart filed a motion for a new sentencing hearing, alleging that he had been denied effective assistance of counsel at his sentencing hearing, and that had he been effectively represented by counsel, his two Massachusetts life sentences would have run concurrently with each other and with his New Hampshire sentence. He made no challenge to the substance of the convictions. A Superior Court judge denied the motion without prejudice, noting that he was reluctant to act on the basis of the sentencing transcript alone when trial counsel was available to testify.

In August, 1991, Stewart renewed his motion for resentencing, filing an accompanying affidavit of trial counsel.[2] On November 25, 1991, the Superior Court judge found that Stewart's representation at sentencing was ineffective, vacated Stewart's sentence for armed assault in a dwelling, and stayed the order for thirty days to allow the Commonwealth to appeal the resentencing order.

Stewart then filed a motion to clarify the order; the motion requested that he be granted a new sentencing hearing for his conviction of murder in the second degree as well as for armed assault in a dwelling. On December 18, 1991, the judge allowed the motion, instructing the clerk to schedule

---

Court. See *Stewart v. Superintendent, Southeastern Correctional Center*, 24 Mass. App. Ct. 1113 (1987). Stewart filed a petition of habeas corpus in the Supreme Judicial Court for Suffolk County. That petition was denied. See *Stewart, petitioner*, 411 Mass. 566 (1992).

[2]The record reflects that the judge did not hold a hearing to take testimony or give the Commonwealth an opportunity to cross-examine the affiant.

the sentencing hearing after thirty days to allow the Commonwealth time to appeal.

On January 16, 1992, the Commonwealth filed a notice of appeal from both the original ruling of November 25, 1991, and the judge's amended order of December 18, 1991.[3] Stewart moved to dismiss the Commonwealth's appeal before a different Superior Court judge, arguing that the Commonwealth's appeal was not timely filed, having been filed within thirty days of the December 18, 1991, amended order but not within thirty days of the November 25, 1991, original order. Stewart argued that the amended order did not change the merits of the original order, but rather only clarified the relief given.[4] Stewart also moved for admission to bail pending the resolution of the appeal.

The judge denied the motion to dismiss the appeal, but allowed Stewart's motion for admission to bail pending appeal. The judge found that the likelihood of success on the merits of the appeal from the resentencing favored Stewart, and that Stewart did not pose the same risk of flight that he would have posed twenty years before. The judge set bail at $50,000 surety or $5,000 cash, staying the order until April 10, 1992, to permit the Commonwealth an opportunity to be heard before a single justice of the Appeals Court.

The Commonwealth moved to stay the judge's order. See Mass. R. A. P. 6 (a), as amended, 378 Mass. 930 (1979). Stewart opposed the motion on its merits and also filed a motion to strike.[5] The single justice of the Appeals Court ruled

---

[3]The appeal currently is pending in the Appeals Court.

[4]There is no merit to this argument. The life sentence for armed assault in a dwelling house already commenced in November, 1974, and the judge's original order was limited to that conviction. The appeal from the order which included the conviction of murder in the second degree was timely filed.

[5]Stewart argues that the Commonwealth's motion was not properly before the Appeals Court, asserting that rule 6 applies only to final judgments or orders which are subject to appeal, not to an interlocutory bail order, and that the only proper method of appellate review was under G. L. c. 231, § 118. That clearly is erroneous. General Laws c. 231, § 118, applies only to civil cases. The Superior Court judge and the single

as follows: "After the appeal in this case is heard, [Stewart] will have the right, at most, to be resentenced to a term of life imprisonment, effective in 1974, on the murder charge. He may not be released from that sentence except by the Parole Board. Accordingly, the judge had no discretion to admit [Stewart] to bail. Because of the factors relied upon by the judge, however, it is ordered that the appeal be expedited."

Stewart then filed a petition under G. L. c. 211, § 3,[6] to reinstate the order admitting him to bail pending appeal by the Commonwealth. The single justice denied the petition, stating: "I have considered [Stewart's] petition under G. L. c. 211, § 3, on the papers. I agree with the order by the single justice of the Appeals Court. The relief requested in [Stewart's] petition is denied." We agree with the single justice. We affirm.

Stewart contends that the single justice erred as a matter of law in concluding that he could not be admitted to bail. Rule 30 (c) (8) (A) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 902 (1979), Stewart asserts, clearly permits persons seeking postconviction relief to be released on bail. Further, Stewart argues, our case law supports a defendant's release on bail pending appeal. See *Commonwealth* v. *Hodge (No. 1)*, 380 Mass. 851 (1980) (bail pending appeal from conviction); *Upton, petitioner*, 387 Mass. 359 (1982) (bail pending habeas corpus petition); *Puopolo, petitioner*, 372 Mass. 868 (1977) (bail pending appeal from denial of habeas corpus). See also *Averett* v. *Commissioner of Correction*, 404 Mass. 28 (1989).[7] Stewart concludes that, because

_____

justice of the Appeals Court followed the practice for denying or granting a stay of execution of sentences. See *Commonwealth* v. *Allen*, 378 Mass. 489, 497-498 (1979).

[6]The appeal before us is from the denial of Stewart's petition for bail filed pursuant to G. L. c. 211, § 3. See *Commesso* v. *Commonwealth*, 369 Mass. 368, 372 (1975) (G. L. c. 211, § 3, may be used to review bail determinations).

[7]In *Averett* v. *Commissioner of Correction*, 404 Mass. 28 (1989), we acknowledged the power and discretion of a judge to admit a defendant to bail in a rule 30 case; however, *Averett* also took note that a judge's discre-

rule 30 allows a judge to release on bail a defendant request-
ing postconviction relief, the single justice erred in ruling
Stewart could not be released on bail pending appeal. We do
not agree.

The flaw in Stewart's argument is that, if he is successful
in this motion, the result will not be a reversal of his convic-
tion, an order for a new trial or a term of imprisonment less
than the time he already has served, including the time the
appellate process requires.[8] Our cases do not support Stew-
art's claim that release on bail is permitted in these circum-
stances. Each of the cases cited involves either a claim for
reversal, a claim for a new trial, or a claim for immediate
release based on the merits of the convictions. See *Hodge
(No. 1), supra*; *Upton, supra*; *Puopolo, supra*. Other courts
also require a claim for relief which would lead to immediate
discharge if successful in order to justify release on bail. See,
e.g., *Collins* v. *State*, 478 So. 2d 402, 403 (Fla. Dist. Ct.
App. 1985) (release on bail not authorized when "appellant
is not asserting his innocence . . . , his right to be free, but is
only alleging that the trial court erred in the severity of the
sentence imposed"); *State* v. *Blum*, 132 N.H. 396 (1989)
(requiring trial court, "in deciding whether an appeal is friv-

tion to issue the writ of habeas corpus under G. L. c. 248, § 25 (rule 30),
in controversies involving the number of deductions for good time credits is
limited to situations where the judge found an entitlement to the deduc-
tions in question, and where, "after recomputation of the expiration date of
[the] petitioner's sentence, *he . . . (found) an entitlement to immediate
release*" (emphasis added). *Pina* v. *Superintendent, Mass. Correctional
Inst., Walpole*, 376 Mass. 659, 664-665 (1978).

The defendant also relies on *Commonwealth* v. *Levin*, 7 Mass. App. Ct.
501 (1979) (regarding stays of execution pending appeal), as support for
his interpretation that a judge's determination that a defendant has shown
a "reasonable likelihood of success on appeal" applies to appeals of any
type, regardless of their content or potential effect. *Levin* focused on the
importance of persons' not being forced to spend time in prison on a con-
viction that may be reversed. *Levin* did not address the issue of bail for a
defendant who would not be released if successful on appeal.

[8] A new and lesser sentence on the conviction of armed assault in a
dwelling house might meet this standard but would not affect the time
Stewart is required to serve on the conviction of murder in the second
degree.

olous [in context of determination as to whether bail is appropriate], to consider the outcome of the defendant's appeal only to the extent necessary to determine whether the appeal may result in reversal"); *State* v. *Neeley*, 707 P.2d 647 (Utah 1985) (bail considered only after determination that legal issue raised on appeal is integral to conviction).[9]

In Stewart's rule 30 motion, he did not attack his convictions. The sentences were lawful. If successful, Stewart would not be entitled to immediate discharge. Only the parole board can release Stewart from his conviction of murder in the second degree. Parole is a "wholly executive function." *Baxter* v. *Commonwealth*, 359 Mass. 175, 179 (1971). The judge's decision to release Stewart on bail "effectively usurped the decision-making authority constitutionally allocated to the executive branch." *Commonwealth* v. *Gordon*, 410 Mass. 498, 501 (1991). Because release on parole is an executive function, a claim for postconviction relief which, if successful, can result solely in an earlier parole eligibility date, and not immediate discharge, may not be the basis for a defendant's release on bail. There was no error in the single justice's denial of Stewart's G. L. c. 211, § 3, petition for release on bail.

*Judgment affirmed.*

---

[9]The Federal statute on release on bail pending appeal provides that a convicted defendant should not be released pending appeal unless the appeal "raises a substantial question of law or fact likely to result in — (A) reversal, (B) an order for a new trial, (C) a sentence that does not include a term of imprisonment, or (D) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(2) (1988).