COMMONWEALTH *vs.* ROBERT E. STEWART. March 11, 1993. *Practice, Criminal*, Sentence, Postconviction relief.

The narrow issue here is whether a Superior Court judge erred in allowing the defendant's amended motion for a new sentencing hearing on his conviction of murder in the second degree based on a claim of ineffective assistance of counsel at sentencing. We hold that there was error.

In 1978, after a plenary review of the record under G. L. c. 278, § 33E, this court affirmed the defendant's conviction of murder in the second degree but directed that the sentence on the armed assault in a dwelling charge be vacated and a new sentencing hearing be held. The trial judge had imposed a sentence of life imprisonment for the armed assault charge to be served from and after the sentence of life imprisonment for murder in the second degree. See *Commonwealth* v. *Stewart*, 375 Mass. 380 (1978) (*Stewart I*). The defendant was resentenced and the sentence of life imprisonment on the armed assault was ordered to be served concurrently with the sentence on the murder conviction. At the time of sentencing, the defendant was serving prison sentences in New Hampshire and his Massachusetts sentences were ordered to be commenced from and after the New Hampshire sentences.

Following our review in *Stewart I*, the defendant brought several post-conviction motions by lawyers other than trial counsel seeking relief for assorted reasons over a period of thirteen years. *Stewart* v. *Commonwealth*, 413 Mass. 664 (1992). *Stewart, petitioner*, 411 Mass. 566 (1992). *Stewart* v. *Superintendent, Southeastern Correctional Ctr.*, 24 Mass. App. Ct. 1113 (1987) (unpublished memorandum and order). *Stewart* v. *Commissioner of Correction*, 16 Mass. App. Ct. 57 (1983). In none of these proceedings did he ever suggest ineffective assistance of counsel at his original sentencing hearing. He now asserts his ineffective assistance claim because his counsel did not ask that the defendant's Massachusetts sentences run concurrently with the sentences that he was serving in New Hampshire, a disposition almost unknown at that time.

We have acknowledged the right of a defendant to effective assistance of counsel in the sentencing phase of a case especially in regard to a request for concurrent sentences. See *Osborne* v. *Commonwealth*, 378 Mass. 104, 113-115 (1979). See also *Commonwealth* v. *Lykus*, 406 Mass. 135, 144-146 (1989). In the present case, the judge, without an evidentiary hearing, ordered resentencing on the convictions of both murder in the second degree and armed assault in a dwelling based on the affidavit of trial counsel who represented the defendant at his sentencing in 1974. In his affidavit, trial counsel conceded that he failed to argue for sentences to run concurrently with those the defendant was serving in New Hampshire. He further stated that he did not bring to the trial judge's attention the defendant's agreement of cooperation with the United States government because he was not privy to its details. Additionally, he thought it would be dangerous to make known the defendant's cooperation in open court.

The judge erred in granting relief because the defendant clearly waived such consideration by his failure to raise it in any one of the proceedings over the thirteen-year period in which he tirelessly pressed other issues. See Mass. R. Crim. P. 30 (c), 378 Mass. 900 (1979). He is required to "present all his claims of error at the earliest possible time." *Commonwealth* v. *Pisa*, 384 Mass. 362, 365-366 (1981). ·

There is no merit to the defendant's claim that the Commonwealth's appeal was untimely because we addressed that issue and ruled against the defendant in *Stewart* v. *Commonwealth*, 413 Mass. 664, 666 (1992).

Accordingly, we reverse the order of the motion judge.

*So ordered.*

*Catherine E. Sullivan*, Assistant District Attorney, for the Commonwealth.

*Peter G. DeGelleke* for the defendant.