STATE of Utah, Plaintiff and Appellant,

v.

C. Dean LARSEN, Defendant and Appellee.

No. 910314.

Supreme Court of Utah.

April 7, 1993.

---

R. Paul Van Dam, Atty. Gen., David B. Thompson, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

Larry R. Keller, John T. Nielsen, David L. Arrington, Salt Lake City, for defendant and appellee.

HOWE, Associate Chief Justice:

The central issue raised on this appeal is whether a stay of a criminal sentence pending appeal is governed by Utah Code Ann. § 77–20–10 or by rule 27, Utah Rules of Criminal Procedure.

A jury convicted defendant C. Dean Larsen of eighteen felony counts of securities fraud. He was sentenced to a term of imprisonment and ordered to pay a fine and make restitution on each count. He then filed a petition with the trial court for a certificate of probable cause to stay execution of the sentence pending appeal. That court issued a certificate of probable cause "pursuant to the provisions of rule 27, Utah Rules of Civil Procedure, based upon the fact that the court determines there are several issues that are novel or at least fairly debatable." The court held that rule 27, rather than section 77–20–10, governed the issuance of the certificate of probable cause.

The State appealed the grant of the certificate of probable cause and release pending appeal to the court of appeals, contending that the trial court erred in not following the provisions of section 77–20–10. The court of appeals determined that the trial court had in effect decided that section 77–20–10 was unconstitutional and thus the State's appeal was within the original jurisdiction of this court. It transferred the case to this court, and we accepted jurisdiction.

In 1980, the legislature enacted comprehensive rules of criminal procedure. Utah Code Ann. §§ 77–35–1 to –33. Effective July 1, 1985, article VIII, section 4 of the Constitution of Utah was amended to vest in this court the authority to adopt rules of procedure and evidence to be used in the courts of this state, and we subsequently adopted all existing statutory rules of procedure, including rule 27. We followed rule 27 in deciding *State v. Neeley*, 707 P.2d 647 (Utah 1985), and *State v. Pappas*, 696 P.2d 1188 (Utah 1985). Rule 27 has remained unchanged since its enactment by the legislature in 1980 and its subsequent adoption by this court.

In February 1988, the legislature adopted a joint resolution proposing to amend article I, section 8 of the Utah Constitution, dealing with the right to bail of persons charged with a crime. Section 2 of the resolution contained the following provision governing the right to bail pending

appeal of persons convicted of a crime: "Persons convicted of a crime are bailable pending appeal only as prescribed by law." In the same legislative session, section 77-20-10 was enacted, prescribing in detail the conditions which must be met before a criminal defendant may be released on bail pending appeal. Those conditions are generally more stringent than rule 27's requirement that there must be only "meritorious issues that should be decided by the appellate court."

The proposed amendment to article I, section 8 was approved by the electors of this state at the general election held in November 1988.[1] The amendment took effect on January 1, 1989. In issuing a certificate of probable cause in this case, the trial court followed rule 27 as interpreted in *Neeley* and *Pappas* rather than section 77-20-10. In so doing, the trial court apparently was of the opinion that the subject matter of the release of a convicted person on bail pending appeal was a question of procedure and therefore within the exclusive province of the rule-making authority of this court as conferred by article VIII, section 4 of the constitution.

Under the amendment to article I, section 8, persons convicted of a crime are bailable pending appeal only as "prescribed by law." Defendant contends that "as prescribed by law" can mean by court rule as well as by statute and urges that a criminal defendant's right to bail is a matter of procedure and is properly dealt with by a court rule such as rule 27. He refers us to the minutes of the Constitutional Revision Commission, which recommended to the legislature the adoption of the amendment, in which the Commission opined that "as prescribed by law" can mean "statutes, court rules, or court cases." On the other hand, the State contends that the phrase "as prescribed by law" means established by statute. The State relies on *State ex rel. Shields v. Barker*, 50 Utah 189, 191,

167 P. 262, 263 (1917), *State v. Cauble*, 563 P.2d 775, 777 (Utah 1977), and *State v. Jiminez*, 588 P.2d 707, 708–09 (Utah 1978). Those cases generally hold or imply that "to be established by law" means laws passed by the law-making power of the state.

In the context of this case, it is clear that the intent of the amendment to article I, section 8 was that the legislature would prescribe by statute the conditions under which a person convicted of a crime may be admitted to bail pending appeal. We come to this conclusion because section 77-20-10 was enacted at the same session of the legislature at which the constitutional amendment was proposed. It is difficult to believe that the legislature had any other intention in its use of the phrase "as prescribed by law" other than to constitutionally authorize the simultaneous passage of section 77-20-10. While it may be true as urged by defendant that a court rule might properly be determined to be "law," we do not believe that under the circumstances here, it was the intent of the constitutional amendment to have the subject of release on bail pending appeal treated otherwise than by statute. In the same minutes of the Constitutional Revision Commission defendant relies on, legal counsel for the committee drafting the constitutional amendment for the Commission stated that "the committee decided to recommend that the legislature determine the standards for post-conviction bail under the second paragraph [of the proposed amendment]."

In view of this holding, we need not reach the State's contention that section 77-20-10 can be sustained on the ground that it is a legislative amendment of a rule of procedure adopted by this court. Article VIII, section 4 of the constitution authorizes the legislature to amend rules of procedure and evidence adopted by this court upon the vote of two-thirds of all members of both houses. We do note, however, that

1. The actual amendment placed on the ballot was proposed by the legislature in a special session held in July 1988 and was substituted for the amendment earlier proposed in February 1988. Section 2 was the same on both proposals.

in enacting section 77–20–10, the legislature made no reference to rule 27 or to any other rule of this court. It would appear that article VIII, section 4 requires any legislation which amends a court rule to comply with the same legislative joint rules and practice governing amendments to statutes, that is, to refer to the rule specifically by number and indicate how it is to be amended. *See* House and Senate Joint Rule 4.11.

Defendant points out that the release of a criminal defendant pending appeal under section 77–20–10 requires a showing by clear and convincing evidence that his release "will not pose a danger to the physical, psychological, or financial and economic safety or well-being of any other person or the community if released." Defendant assails this language on the ground that it violates the Eighth and Fourteenth Amendments to the United States Constitution "because it is so vague and overbroad as to effectively and unreasonably preclude bail, especially as may be applied in this case." We do not reach this contention since it was not ruled on by the trial court. On remand, defendant is free to present that argument to the trial court.

The grant of a certificate of probable cause to defendant is reversed, and the case is remanded to the trial court for reconsideration of the release under section 77–20–10.

STEWART, DURHAM and ZIMMERMAN, JJ., concur.

HALL, C.J., having disqualified himself, does not participate herein.