STATE of Utah, Plaintiff and Appellee,

v.

Ronald L. BOREN, Defendant
and Appellant.

No. 930275–CA.

Court of Appeals of Utah.

July 9, 1993.

Joan C. Watt (argued), Roger K. Scowcroft, Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

Jan Graham, State Atty. Gen., Dave Thompson (argued), Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before BENCH, BILLINGS and RUSSON, JJ. (Law and Motion).

## ORDER

This case is before the court on appellant's petition for certificate of probable cause. We deny the petition without prejudice for failure to comply with *State v. Neeley*, 707 P.2d 647 (Utah 1985).

*State v. Neeley* requires that a petition for certificate of probable cause filed in an appellate court be accompanied by an affidavit containing "a statement of the crime for which the defendant was convicted; the sentence imposed; whether the defendant has previously applied to the district court for a certificate of probable cause and, if so, whether the issues presented were the same as those presented to this Court; the ruling of the district court on the issues; and the bases or reasons for the court's ruling." *Id.* at 649.

The affidavit filed in this case states that the district court denied a request for a certificate of probable cause, but it fails to state whether the issues presented to the district court were the same as those presented to this court, the ruling of the district court on those issues, and the bases or reasons for the court's ruling. It is not sufficient that appellant has shown that the issues forming the basis for appeal were raised in the trial court. In order to comply with *Neeley*, appellant must also demonstrate that those issues were also raised in the trial court in distinct proceedings seeking a certificate of probable cause, and

must set forth the trial court's ruling and the bases or reasons for the ruling.

On the basis of the foregoing, IT IS HEREBY ORDERED that the petition for certificate of probable cause is denied without prejudice to allowing appellant to file an affidavit that fully complies with *Neeley*.[1]

---

1. An amendment to Rule 27, Utah Rules of Criminal Procedures, effective May 1, 1993, incorporates the *Neeley* procedural requirements. *See* Utah R.Crim.Proc. 27(d)(3).