Welch, J.
The defendant was convicted of first-degree murder, aggravated rape, and burglary and assault on a person lawfully in a dwelling. He now moves to have his aggravated rape conviction and sentence vacated. This is a case of some age. The defendant was convicted on December 19, 1987. Two years later, the Supreme Judicial Court affirmed the defendant’s murder and aggravated rape convictions. See Commonwealth v. Troy, 405 Mass. 253 (1989).
This motion promises to have little practical effect upon the defendant. He is currently serving a life sentence, with no possibility of parole, for his first-degree murder conviction. Nevertheless, this motion does present an interesting theoretical issue and, somewhat surprisingly, must be granted.
Both sides agree on most matters. There is no dispute that the defendant was convicted of first-degree murder on the theory of felony murder. The underlying felony was aggravated rape. There is also no dispute that the defendant received a concurrent life sentence on the aggravated rape conviction in addition to the life sentence he received on the murder conviction. Finally, there is no dispute on the current state of the law. Namely that the Supreme Judicial Court held, in 1995, that “when a conviction for first degree murder is based upon the felony murder theory, the underlying felony is ... a lesser included offense,” and that any conviction relating to the underlying felony, and any concurrent sentence imposed, is duplicative and must be vacated. Commonwealth v. Berry, 420 Mass. 95, 113-14 (1995). This, however, is where the agreements end.
With refreshing simplicity, the defendant cites the current state of the law and points out that the aggravated rape was the underlying felony that supported the felony murder conviction. Thus, the aggravated rape conviction and sentence is duplicative of the murder conviction. The defendant concludes with the exhortation that this court apply the law as set forth in Commonwealth v. Berry, supra, and vacate the duplicative conviction and sentence. But, like much in life, matters are not quite as simple as they first appear.
The Commonwealth argues that the rule established by the Commonwealth v. Berry decision is a “new” rule established some eight years after the defendant’s sentence was imposed. Such a rule, the Commonwealth maintains, should not be applied retroactively.
The Commonwealth’s argument has merit. Prior to its decision in Berry the Supreme Judicial Court held that “whenever the possibility exists that a jury might have reached a verdict of murder ... on the basis of a felony murder theory, a consecutive sentence may not be imposed for the underlying felony.” Commonwealth v. Wilson, 381 Mass. 90, 124 (1980) (emphasis added). Within a year, the court “extended this remedy not only to duplicative convictions resulting in consecutive sentences but also to those resulting in concurrent sentences.” Berry, 421 Mass, at 113-14, citing Commonwealth v. Jones, 382 Mass. 387, 395-96 (1981). Nevertheless, the Jones rule deeming concurrent sentences as duplicative was not applied in the felony murder context until the Berry decision of 1995. During the fourteen-year period between 1981 and 1995, felony murder cases in which sentences were imposed concurrently on the underlying felonies were reviewed repeatedly by the Supreme Judicial Court without mention of the principle established in the Jones case. Indeed, this very case was reviewed and affirmed by the Supreme Judicial Court without so much as a raised eyebrow at the concurrent sentence. This situation led the Massachusetts Appeals Court to opine that “it appears . . . that in the felony murder context the Supreme Judicial Court has not considered the principles of Commonwealth v. Jones to be applicable.” Stuart v. Commissioner of Corrections, 16 Mass.App.Ct. 57, 58 n. 2 (1983). The Appeals Court’s conclusion is understandable given the string of felony murder and underlying felony convictions affirmed by the Supreme Judicial Court between 1981 and 1995. Thus, the Commonwealth understandably concludes that the Berry decision represents a new rule as of 1995. A careful reading of the Berry decision and the Jones decision, however, does not support the Commonwealth’s argument. The fact that the Supreme Judicial Court inexplicably overlooked the Jones rule in the felony murder context in not only this case but many others does not mean that the final adoption of the Jones rule in the Berry case constitutes a “new” rule for purposes of retroactive application. As the Supreme Judicial Court made clear in the Jones decision, the rule that concurrent sentences on duplicative (i.e., lesser included) crimes is based upon federal constitutional grounds. In concluding that the “protection against multiple punishments ... or duplicative conditions extends as well to the imposition of concurrent sentences . . . ,” the Supreme Judicial Court relied upon federal precedent and the United States Constitutional guarantee against double jeopardy. Jones, 382 Mass, at 395-96. The fairest reading of Jones is that the Supreme Judicial Court, in 1981, *42 recognized that the Federal Constitution prohibited concurrent sentences on duplicative convictions. As Commonwealth v. Wilson, 381 Mass. 90, 124 (1980), recognized, the underlying felony that supports a felony murder conviction is a lesser included crime and, thus, a duplicative conviction. Therefore, as of at least 1981, the United States Constitution prohibited imposing a concurrent sentence on the underlying felony in a felony murder case.
This trial judge can not venture a guess at why the Supreme Judicial Court did not apply the holding of Jones when it affirmed the convictions in this case.[1] But as this trial judge knows better that most, judges — even appellate judges — do occasionally err and might not recognize the applicability of a certain constitutional rule unless it is vigorously asserted by counsel. When one reads the Supreme Judicial Court decision in Commonwealth v. Berry, it is rather plain that the court did not consider its holding to be a particularly new or novel rule. Instead, it analyzed the underlying felony as a lesser included crime citing the Jones case and applied Jones as if it was settled and established law. And that is what the Jones rule relating to concurrent duplicative sentences was: settled and established law, based upon Federal Constitutional guarantees. Thus, the Berry case does not represent the application of a new rule. Instead, it is simply the application of the law as established in 19 81. It is the same olds ong in only a slightly different setting.
There is no doubt that this constitutionally based rule is applicable to this 1987 conviction. Thus, the court must allow the defendant’s motion and vacate only the conviction and sentence for aggravated rape. All other sentences remain in full force and effect.

Indeed, it is all the more puzzling when one considers the incredibly high caliber of both the trial judge who imposed the concurrent sentence (Ronan, J.) and the Supreme Judicial Court justice who wrote the affirmance (Wilkins, JJ.